UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sheri BATE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SECURLY, INC., <br><br> Defendant. | Case No.: 23-cv-1304-AGS-DEB <br><br> **ORDER DISMISSING CASE AND DENYING MOTION TO DISMISS (ECF 15) AS MOOT** |

"[E]very federal court has a continuing obligation to ensure that it possesses subject-matter jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1047 (9th Cir. 2003). This Court concludes that it lacks jurisdiction and "must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In their amended complaint, plaintiffs sue defendant Securly, Inc., for various state privacy-law violations: (1) illegal wiretapping, Cal. Penal Code § 631; (2) unlawful use of an electronic tracking device, *id*. § 637.7; and (3) violations of California's Comprehensive Computer Data Access and Fraud Act, *id*. § 502. (*See generally* ECF 13.) Plaintiffs assert that the Court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because each plaintiff is "a resident of the State of California," seeking "relief on behalf of a California class, which will result in at least one class member belonging to a different state than" Securly, Inc., "a Delaware Corporation with its principal place of business in California." (ECF 13, at 3.)

## DISCUSSION

Plaintiffs "bear[] the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). The Class Action Fairness Act (CAFA) "vests the district court with original jurisdiction of any civil action in which . . . the parties satisfy, among other requirements, minimal diversity." *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006). As relevant here, "minimal diversity" exists

when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Yet all parties here are allegedly citizens of California. First, take defendant Securly: It is "a Delaware corporation with its principal place of business in California" (ECF 13, at 2, 4), which means it is a citizen of both Delaware and California. *See* 28 U.S.C. § 1332(c)(1) (deeming a corporation "to be a citizen of every State . . . by which it has been incorporated" and of the state "where it has its principal place of business"). "An entity's citizenship is dual, not alternative," so "minimal diversity is not met if the sole defendant's dual citizenship includes the same citizenship as the plaintiff." *Goddard v. Jubilant Hollisterstier, LLC*, No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023); *accord Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017) ("All other courts of appeals to consider the issue have reached the same conclusion" that "§ 1332(d)(2)(A) incorporates dual, not alternative, citizenship for corporations").

Next, consider plaintiffs. Each individual plaintiff's state citizenship is "determined by [that person's] state of domicile"—a "permanent home" where a person "resides with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs are "resident[s] of the state of California," who are suing "individually and on behalf of all other similarly situated California residents." (ECF 13, at 2, 4.) While "a person residing in a given state is not necessarily domiciled there," *In re Scripps Health Data Sec. Breach Litig.*, 581 F. Supp. 3d 1225, 1229 (S.D. Cal. 2022), "the place where a person lives is taken to be his domicile until facts adduced establish the contrary," *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). So, absent any suggestion otherwise, plaintiffs are deemed citizens of California, and the minimal diversity requirement is not met. *See, e.g., Marroquin v. Wells Fargo, LLC*, No. 11CV163-L-BLM, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011) ("Plaintiff and the class members are alleged to be California citizens. Defendant is alleged to be a citizen of Delaware and California. Under these facts, Plaintiff has not alleged minimal diversity under CAFA.").

  Plaintiffs hint at two alternative arguments for CAFA jurisdiction, but they are both unavailing. First, plaintiffs assert that the California class "will result in at least one class member belonging to a different state than" Securly. (ECF 13, at 3.) But "a conclusory and prospective allegation that at least one unknown member of a nationwide class will result in minimal diversity is not sufficient to satisfy the pleading requirements for CAFA jurisdiction." *Mendez v. Global Inst. of Stem Cell Therapy & Rsch., USA*, No. 20CV915-LL-BLM, 2022 WL 3019858, at *3 (S.D. Cal. July 29, 2022); *see also Park v. Webloyalty.com, Inc.*, No. 12CV1380-LAB JMA, 2013 WL 4711159, at *1 (S.D. Cal. Aug. 30, 2013) ("Merely pleading the conclusion that parties are citizens of different states is generally insufficient."). And plaintiffs' assertion is belied by their proposed class definitions, which are confined to "persons in California . . . ." (*Id.* at 38.)

  Second, plaintiffs allege that Securly collects "massive amounts of illegally intercepted data" from students' "mobile devices throughout the United States," which arguably implicates potential class members outside California. (ECF 13, at 6.) Yet probabilistic forecasts about unidentified parties are not enough to meet jurisdictional demands. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857; *see Diva Limousine, Ltd. v. Uber Techs.*, 392 F. Supp. 3d 1074, 1083–84 (N.D. Cal. 2019) (dismissing for lack of subject-matter jurisdiction under CAFA, despite plaintiff's claim that it can be "reasonably estimated" that "out-of-state affiliates in each putative class" establish "minimal diversity," because "84 percent" of potential class members "have their principal place of business in states other than California").

  Apart from CAFA, plaintiffs offer no alternate grounds for federal jurisdiction. And none seem available. First, although run-of-the-mill diversity jurisdiction may exist for "class actions that satisfy the general diversity jurisdiction provision of [28 U.S.C.] § 1332(a)," this case cannot meet those requirements. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007). Plaintiffs would have to show "complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the

defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Yet plaintiffs plead facts that suggest everyone here is a California citizen.

Second, plaintiffs relinquished federal-question jurisdiction when they dropped their only federal claim in their new complaint. (*Compare* ECF 1 *with* ECF 13.) When a plaintiff "voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007); *see* 28 U.S.C. § 1331. And Securly's passing reference to federal preemption is of no moment, since "a defense of preemption does not create federal question jurisdiction." *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000); (*see also* ECF 15-1, at 9 n.3). Finally, there is also no basis for the Court to exercise supplemental jurisdiction over the state-law claims, as there is no "hook of original jurisdiction on which to hang it." *See Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also* 28 U.S.C. § 1367(a).

In short, this Court lacks subject-matter jurisdiction. Without it, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

## CONCLUSION

Plaintiffs' first amended complaint is **DISMISSED**. The Clerk is directed to close this case. But "because it is not clear that amendment of the complaint would be futile," plaintiffs are granted leave to amend. *See Center for Biological Diversity v. Veneman*, 394 F.3d 1108, 1115 (9th Cir. 2005). By September 13, 2024, plaintiffs must file an amended complaint to reopen the case. If plaintiffs fail to do so, the Court "may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). Securly's motion to dismiss is **DENIED** as moot.

Dated:  August 23, 2024

_____
Hon. Andrew G. Schopler
United States District Judge