Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

*Attorney for Plaintiffs and The Putative Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERI BATE, and her child N.M., and AZUCENA MEJIA, and her child A.S., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SECURLY, INC.,<br><br>Defendant. | CASE NO: 3:23-CV-01304-AGS-DEB<br><br>**PLAINTIFF SHERI BATE'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs respectfully submit this Notice of Supplemental Authority in further support of their Opposition to Defendant Securly, Inc.'s Motion to Dismiss the Second Amended Complaint (ECF No. 29).

On February 12, 2025, the United States District Court for the Southern District of California issued an order in *Zarif v. Hwareh.com, Inc.*, Case No. 23-cv-0565-BAS-DEB, 2025 WL 486317 (S.D. Cal. Feb. 12, 2025). In that decision, the court denied in part the defendant's motion to dismiss claims arising from the alleged use of spyware and tracking

technologies to intercept and transmit users' sensitive data—including health-related web activity—without obtaining consent. A true and correct copy of the *Zarif* opinion is attached hereto as Exhibit A.

In *Zarif*, the court rejected defendant's arguments that dismissal was warranted under Federal Rule of Procedure 12(b)(6). The court held that the plaintiff's allegations of real-time data interception of private browsing activity (including health-related searches for her infant and elderly parent) without consent, were sufficient to state claims under federal and state privacy laws, including wiretap statutes. The Court further held that any consent defenses were premature and not appropriate for resolution at the pleading stage.

In addition, the court found that the alleged use of spyware tools to "mine" or extract user data for advertising and marketing purposes established plausible injury-in-fact sufficient for Article III standing and satisfied statutory harm requirements. The court agreed with the holdings in, *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), *Calhoun v. Google LLC*, 113 F.4th 1141 (9th Cir. 2024), and In re *Meta Pixel Healthcare Litigation,* 647 F. Supp.3D 778 (N.D. Cal. 2022), for the proposition that private browsing behavior is protected information and interception without adequate disclosure supports California Invasion of Privacy Act ("CIPA") claims.

The ruling in *Zarif* directly supports Plaintiffs' standing and the substantive allegations in the present case. As in *Zarif*, Plaintiffs allege that Defendant Securly intercepted and transmitted sensitive data from minor children, including private search terms, viewed video content, and behavioral indicators. Plaintiffs further allege that this data was collected without informed parental consent or adequate disclosure. Plaintiffs allege that Defendant then used the intercepted data to promote and support its Home App, a product marketed to parents. These actions, Plaintiffs contend, resulted in concrete emotional and

//

//

//

//

privacy harms that constitute cognizable injuries under CIPA, California constitutional privacy law, and analogous common law theories.

Respectfully submitted,

**SWIGART LAW GROUP**

Date: April 8, 2025

By: *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorneys for Plaintiff