Amy Jane Longo (CA Bar No. 198304)
ROPES & GRAY LLP
10250 Constellation Blvd
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
amy.longo@ropesgray.com

Edward McNicholas (*pro hac vice*)
Frances Faircloth (*pro hac vice*)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
edward.mcnicholas@ropesgray.com
fran.faircloth@ropesgray.com

*Attorneys for Defendant Securly, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SHERI BATE, and her child N.M., and AZUCENA MEJIA, and her child A.S., individually and on behalf of others similarly situated,

Plaintiffs,

v.

SECURLY, INC.,

Defendant.

Case No. 23-cv-01304-AGS-DEB

**DEFENDANT SECURLY, INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Securly Inc. respectfully submits this Response to Plaintiffs' Notice of Supplemental Authority dated April 8, 2025 (ECF No. 39) (the "Notice"). Plaintiffs distort the contents of the noticed decision, *Zarif v. Hwareh.com, Inc*., No. 23-cv-0565-BAS-DEB, 2025 WL 486317 (S.D. Cal. Feb. 12, 2025)—at least twice. Plaintiffs state that *Zarif* "found that the alleged use of spyware tools . . . established plausible injury-in-fact sufficient for Article III standing," but the opinion does not even address Article III standing, let alone affirm it. *Compare* Notice at 2, *with Zarif* at *2. Instead, considering the *Zarif* defendant's 12(b)(*2*) motion, the court determined that it had *personal* jurisdiction over the defendant company. *Zarif* at *6. Plaintiffs also state "[t]he court held that plaintiff's allegations . . . were sufficient to state claims under federal and state privacy laws, including wiretap statutes." Notice at 2. Not so. *Zarif granted* the defendant's motion to dismiss as to both the sole federal claim (Wiretap Act) and the majority of the plaintiff's state claims. *Zarif* at *10 ("The Court dismisses the [Wiretap Act] claim for lack of plausibility."); *id.* at *13 ("Plaintiff's allegations do not state a plausible CDAFA violation."); *id.* at *14 ("The Court is unconvinced that Plaintiff states a viable CMIA claim."); *id.* at *15 (dismissing the CCPA claim as well as the federal Wiretap Act, CDAFA, and CMIA claims).

*Zarif* is also distinguishable from *Bate* in several ways. Most significantly, while Plaintiffs rely on the consent analysis from *Zarif*, *Zarif* does not address the FERPA consent mechanism relevant in *Bate*. In *Zarif*, the plaintiff argued that there was *no consent* for the collection and use of her data; here, Plaintiffs have *conceded* that Securly's school customers provide consent and instead take issue with the statutory scheme.

Dated: April 21, 2025

**ROPES & GRAY LLP**

By: */s/ Amy Jane Longo*

Edward McNicholas (*pro hac vice*)
Frances Faircloth (*pro hac vice*)
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
edward.mcnicholas@ropesgray.com
fran.faircloth@ropesgray.com

Amy Jane Longo
10250 Constellation Blvd
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
amy.longo@ropesgray.com

*Attorneys for Securly, Inc.*