Amy Jane Longo (CA Bar No. 198304)
ROPES & GRAY LLP
10250 Constellation Blvd
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
amy.longo@ropesgray.com

Edward McNicholas (pro hac vice)
Frances Faircloth (pro hac vice)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
edward.mcnicholas@ropesgray.com
fran.faircloth@ropesgray.com

*Attorneys for Defendant Securly, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERI BATE, and her child N.M., and AZUCENA MEJIA, and her child A.S., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SECURLY, INC.,<br><br>Defendant. | CASE NO: 3:23-CV-01304-AGS-DEB<br><br>**DEFENDANT SECURLY, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Securly, Inc. ("Securly") answers the Second Amended Complaint ("Complaint") filed by Plaintiffs Sheri Bate, on behalf of herself and as parent and guardian of her minor child, N.M., and Azucena Mejia, on behalf of herself and as parent and guardian of her minor child A.S., and sets forth its affirmative defenses as follows. Securly denies each and every allegation in the Complaint[1] except as expressly admitted below.

By answering the Complaint, Securly does not concede that any of Plaintiffs' allegations are proper bases of liability or foundations for discovery. To the extent that the allegations in the Complaint concern knowledge or conduct of persons or entities other than Securly, Securly lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and responds solely with respect to its own knowledge and conduct. Securly reserves the right to seek to amend or supplement its Answer as may be necessary and appropriate. Securly's responses are made without waiving, and expressly reserving, all rights it has to file dispositive motions addressed to the allegations and the remaining claims pending against it.

## INTRODUCTION

1. Sheri Bate, and her child N.M., and Azucena Mejia, and her child A.S. ("Plaintiffs"), individually and on behalf of all other similarly situated California residents ("Class Members"), bring this action for damages and injunctive relief against Securly, Inc. ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for violations of the California Penal Code § 630, et seq., ("CIPA") including § 631 Wiretapping in relation to the unauthorized collection, recording, and dissemination of Plaintiffs and Class Members' data.

**ANSWER:** Paragraph 1 contains legal conclusions, to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiffs Bate and Mejia ("Plaintiff Parents"), the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1,

[1] Securly also denies all titles, headings, subheadings, and any other material not contained in a numbered paragraph. To the extent that any additional response is required to any of the above-mentioned allegations or unnumbered items, Defendant denies all allegations contained therein. When a document (or statements, conclusions, or other material references therefore) is referenced in this Answer, it speaks for itself. That is, when Securly responds to an allegation by stating that it refers to a document, that document itself is the best evidence of its contents, and Securly denies any allegations or characterizations based on the document. Securly reserves all rights regarding the existence, authenticity, accuracy, and admissibility of such documents.

2025 (Dkt. 44). Securly admits that Plaintiffs seek relief pursuant to CIPA, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint. Securly denies any remaining allegations in Paragraph 1.

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California. The California Penal Code is very clear in its prohibition against unauthorized tapping or connection without the consent of the other person: "Any person who, by means of any machine, instrument, or contrivance, or any other matter, intentionally taps, or makes any unauthorized connection ... with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable. Or instrument of any internal telephonic communication system, or who willfully and without consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state [violates this section]." Penal Code § 63l(a).

**ANSWER:** Paragraph 2 contains Plaintiffs' characterization of Cal. Penal Code § 631(a) and legal conclusions, to which no response is required. Securly notes that the statute speaks for itself and respectfully refers the Court to the quoted statute for its full, complete, and accurate contents. Securly denies any characterization or description that is inconsistent therewith.

3. Defendant made an unauthorized connection with each Plaintiff's Chromebook® device when Defendant collected and stored geolocation data specific to each Plaintiff's Chromebook® device and then provided such information to its clients for targeted advertising and/or other purposes without their knowledge or consent.

**ANSWER:** Paragraph 3 contains legal conclusions, to which no response is required. As to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon as explicitly allowed under the Family Educational Rights and Privacy Act (FERPA), in order to provide a service in the form of internet protection filtering, as required by the Children's Internet Protection Act, as codified at 47 U.S.C. § 254(h) and (l). Securly further admits that it collects geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies the remaining allegations in Paragraph 3.

4. Each Plaintiff brings this action for every violation of California Penal Code § 631 which provides for statutory damages of $2,500 for each violation, pursuant to California Penal Code § 631(a).

**ANSWER:** Paragraph 4 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that Plaintiffs bring a claim and seek

damages under California Penal Code § 631, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

5. Defendant collected, sold, licensed, and transferred each Plaintiff's precise geolocation data which were associated to visits to sensitive locations without Plaintiff's knowledge or consent. These actions cause or are likely to cause substantial injury to each Plaintiff which are not outweighed by any benefits to the consumer or competition.

**ANSWER:** Securly admits that it collects geolocation information, applicable to school-owned devices, to determine the location of school-owned devices, and transfers such information to its school customer, but denies the remaining allegations in the first sentence of Paragraph 5. The second sentence of Paragraph 5 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the remaining allegations in Paragraph 5.

6. Each Plaintiff brings this class action on behalf of a class with classes and subclasses, as more fully defined infra.

**ANSWER:** To the extent a response is deemed required, Securly admits that Plaintiffs purport to bring this action as a class action on behalf of putative classes, but denies that Plaintiffs purport to define any subclasses and further denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief.

7. Each Plaintiff makes these allegations on information and belief, except for those allegations that pertain to that Plaintiff, or to Plaintiff's counsel, which each Plaintiff alleges on that Plaintiff's personal knowledge.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

**ANSWER:** Securly admits that it conducts business in California, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them. To the extent a response is deemed required, Securly denies the allegations in Paragraph 8.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**ANSWER:** Paragraph 9 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 9.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

**ANSWER:** Securly admits that Plaintiffs purport to impute the conduct of a large number of third-party individuals and entities to Securly.

## JURISDICTION & VENUE

11. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because each Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware Corporation with its principal place of business in California.

**ANSWER:** Securly admits that it is a Delaware Corporation that was previously headquartered in California; Securly is currently headquartered in North Carolina. Securly further admits that Plaintiffs purport to bring an action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) but denies that jurisdiction is proper under CAFA, as the Court recognized in its Order dated August 23, 2024 (Dkt. 24).

12. Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1331 as the complaint involves federal claims arising under the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, the Stored Communications Act (SCA), 18 U.S.C. § 2701 et seq., and the Federal Wiretap Act (FWA), 18 U.S.C. § 2511 et seq.

**ANSWER:** To the extent allegations in this Paragraph are related to claims that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), no response is required. Securly otherwise admits that Plaintiffs purport to bring an action under the Federal Wiretap Act, 18 U.S.C. § 2511 *et seq.*, but denies that Plaintiffs can state a claim under this Act and/or are entitled to any relief requested. Whether the Court has subject matter jurisdiction over this action is a legal conclusion to which no response is required.

13. Plaintiffs allege that Defendant Securly, Inc., a Delaware corporation with its principal place of business in California, intentionally accessed without authorization, or exceeded

authorized access, to Plaintiffs' and Class Members' electronic communications stored on school-issued devices, in violation of the CFAA.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required. To the extent a response is deemed required, Securly admits that it is a Delaware Corporation that was previously headquartered in California; Securly is currently headquartered in North Carolina and denies all remaining allegations in Paragraph 13.

14. Plaintiffs further allege that Defendant violated the SCA by accessing and obtaining private communications stored on school-issued devices without proper consent from the users or their parents.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 14.

15. Plaintiffs further allege that Defendant violated the FWA by intentionally intercepting the electronic communications of Plaintiffs and Class Members while they were using school-issued devices. These communications included private messages, search histories, and other digital communications that were intercepted in real-time.

**ANSWER:** Paragraph 15 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that Plaintiffs' allegations relate to their use of school-issued and school-owned devices and that Securly's products collect data regarding students' web usage on those devices, but denies all remaining allegations in Paragraph 15.

16. Plaintiffs maintain that the class consists of California residents only, but federal jurisdiction is proper because the claims under the CFAA, SCA, and FWA invoke federal question jurisdiction under 28 U.S.C. § 1331.

**ANSWER:** To the extent allegations in this Paragraph are related to claims that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), no response is required. Securly otherwise admits that Plaintiffs purport to bring an action under the FWA on behalf of certain California residents. Whether the Court has subject matter jurisdiction over this action is a legal conclusion to which no response is required.

17. Each Plaintiff is requesting statutory damages of $2,500 per violation of Cal. Penal Code §631 per unlawful interception, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction under CAFA.

**ANSWER:** Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is deemed required, Securly denies that jurisdiction is proper under CAFA since all parties are citizens of California, as the Court recognized in its Order dated August 23, 2024 (Dkt. 24). To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly admits that Plaintiffs seek damages under California Penal Code § 631, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint and denies any remaining allegations in Paragraph 17.

18. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

**ANSWER:** Whether the Court has subject matter jurisdiction over this action is a legal conclusion to which no response is required. To the extent a response is deemed required, Securly denies that jurisdiction is proper under CAFA since all parties are citizens of California, as the Court recognized in its Order dated August 23, 2024 (Dkt. 24).

19. Because Defendant conducts business within the State of California, personal jurisdiction is established.

**ANSWER:** Securly admits that it conducts business in California. Whether the Court has personal jurisdiction over Securly is a legal conclusion to which no response is required.

20. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendant conducted business within this judicial district at all times relevant.

**ANSWER:** Whether venue properly lies in this judicial district for purposes of this matter is a legal conclusion to which no response is required. Securly admits that it conducts business within this judicial district but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies them.

## PARTIES

21. Each Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California who resides in and conducts business in the County of San Diego.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

22. Defendant is, and at all times mentioned herein was, a Delaware corporation with its principal place of business located at:

**111 North Market St, Suite 400**
**San Jose, California 95113.**

**ANSWER:** Securly admits that it is a Delaware corporation that was previously headquartered in California; Securly is currently headquartered in North Carolina.

23. Defendant has registered an agent of process with the California Secretary of State, of:

**1505 Corporation**
**886 Cogency Global Inc.**
**122 E. 42nd St 18th Fl**
**New York, NY 10168**

**ANSWER:** Securly admits that it has registered an agent of process with the California Secretary of State at the above-listed address.

24. Each Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

**ANSWER:** Securly admits that it has conducted business in the State of California, in the County of San Diego, within this judicial district, but denies any remaining allegations in Paragraph 24.

25. Defendant is, and at all times mentioned herein was, a "person", as defined by Cal. Pen. Code § 632(b).

**ANSWER:** Paragraph 25 contains legal conclusions, to which no response is required.

## FACTUAL ALLEGATIONS

### *Plaintiff Sheri Bate's Individual Experience*

26. Plaintiff Sheri Bate ("Bate") is the mother of N.M., a minor child under the age of 13 during relevant times in this complaint.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

27. N.M. attended Julian Charter School located in San Diego County, California.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

28. N.M. was issued a Chromebook® device by his school for use as part of distance learning at the school.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

29. Unbeknownst to Plaintiff Bate, the school district had installed Defendant's Securly software on his Chromebook® device which, amongst other things, tracked N.M.'s geolocation, his web search terms, the websites he visited, and the videos he watched.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiff Bate's knowledge, and on that basis denies them. Securly admits that it offers screening, security, and classroom-monitoring products designed for use by its school customers, including Plaintiff N.M.'s school district, which must certify that they have internet safety policies that include technology protection measures to maintain a safe environment and protect students. Securly admits that its products collect data regarding students' web usage on school-owned devices and that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies any remaining allegations in Paragraph 29.

30. Plaintiff Bate was never provided with any disclosure that her minor child's location would be tracked by Defendant, that his personal communications would be intercepted by Defendant, or that his video-viewing habits would be shared with third parties in an effort in part to create targeted advertisements and marketing campaigns, and for other undisclosed purposes.

**ANSWER:** Paragraph 30 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to disclosures received by individuals, and on that basis denies them; however, Securly notes that students and parents receiving a school issued Chromebook at Plaintiff Bate's child's school are required to sign an "Acceptable Use Agreement" which states, in relevant part "The [Julian Charter School ("JCS")] computer systems, equipment, and all user accounts are the property of JCS. Privacy rights do not

apply to the use of the computer system or user accounts, and the School reserves the right to monitor and access information maintained in the system and in users' accounts."[2] As a school official under FERPA, Securly collects Student Information while acting as a school official and requires its school customers to provide consent on behalf of parents. Securly denies all remaining allegations in Paragraph 30.

31. Plaintiff Bate was shocked and alarmed when she learned in June 2023 that Defendant had intercepted and disclosed this information to third parties without her or her child's knowledge or consent, written, verbal, or otherwise.

**ANSWER:** Paragraph 31 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiff Bate's mental state or knowledge. Securly denies all remaining allegations in Paragraph 31.

***Plaintiff Azucena Mejia's Individual Experience***

32. Plaintiff Azucena Mejia ("Mejia") is the mother of A.S., a minor child under the age of 13 during relevant times in this complaint.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

33. A.S. attends Rancho de la Nacion in National City, located in San Diego County, California.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

34. A.S. was issued a Chromebook® device by her school for use as part of distance learning at the school.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

35. Unbeknownst to Plaintiff Mejia, the school district had installed Defendant's Securly software on her Chromebook® device which, amongst other things, tracked A.S.'s geolocation, her web search terms, the websites she visited, and the videos she watched.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiff Mejia's knowledge, and on that basis denies

[2] https://portal.jcs-inc.org/knowledge_base/1MZPcAmIpu6Nb0TY3exDr6ZKf_WBmfDvHzVGebkZxPEk

them. Securly admits that it offers screening, security, and classroom-monitoring products designed for use by its school customers, including Plaintiff A.S.'s school district, which must certify that they have internet safety policies that include technology protection measures to maintain a safe environment and protect students. Securly admits that its products collect data regarding students' web usage on school-owned devices and that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies any remaining allegations in Paragraph 35.

36. Plaintiff Mejia was never provided with any disclosure that her minor child's location would be tracked by Defendant, that her personal communications would be intercepted by Defendant, or that her video-viewing habits would be shared with third parties in an effort in part to create targeted advertisements and marketing campaigns, and for other undisclosed purposes.

**ANSWER:** Paragraph 36 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to disclosures received by individuals, and on that basis denies them. Securly denies all remaining allegations in Paragraph 36.

37. Plaintiff Mejia was shocked and alarmed when she learned in June 2023 that Defendant had intercepted and disclosed this information to third parties without her or her child's knowledge or consent, written, verbal, or otherwise.

**ANSWER:** Paragraph 37 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiff Mejia's mental state or knowledge. Securly denies all remaining allegations in Paragraph 37.

***Defendant's School Surveillance Software Business Model***

38. The following factual summary includes facts obtained from the Defendant's website, marketing materials, and other, and various other reliable public sources of information describing Defendant's data gathering business practices.

**ANSWER:** Securly admits that it maintains a website and has published marketing materials. The materials speak for themselves and are available on Securly's website, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith. Securly lacks knowledge or information sufficient to form a belief as to the

allegations in this Paragraph regarding Plaintiffs' research and the third-party statements they found, and on that basis denies them.

39. Defendant is, among other things, a location data broker that provides its customers massive amounts of illegally intercepted data collected from elementary, middle, and secondary school student's mobile devices throughout the United States.

**ANSWER:** Securly denies the allegations in Paragraph 39.

40. Defendant collects a wealth of information about students and their Chromebook® and other brands of mobile computing devices by, among other means, illegally and without consent intercepting such data in violation of state and federal law.

**ANSWER:** Paragraph 40 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that it offers screening, security, and classroom-monitoring products designed for use by its school customers, which must certify that they have internet safety policies that include technology protection measures to maintain a safe environment and protect students. Securly's school customers are further authorized to consent to such measures on behalf of students and their parents by law. Securly denies the remaining allegations in Paragraph 40.

41. Defendant gathers and tracks specific consumer geolocation and other data about student, then combines it with other data to create consumer reporting about individual student by tracking their mobile computing device location and corresponding application usage.

**ANSWER:** Securly admits that it gathers geolocation and web usage data pursuant to its contracts with school districts but denies the remaining allegations in Paragraph 41.

42. Defendant describes a relevant product offering, "Filter" in part as follows:

> Filter, a cloud-based web filter designed specifically for schools, helps you keep students safe with powerful features that make your school safer and your IT team happier. ***Get visibility into online activity, download or email reports, and block inappropriate sites instantly.***
>
> https://www.securly.com/filter last accessed July 6, 2023 (bold italics added).

**ANSWER:** To the extent the allegations in Paragraph 42 characterize or describe Securly's website, Securly notes that such source speaks for itself and is subject to judicial notice. Securly denies any characterization or description that is inconsistent therewith and denies any remaining allegations in Paragraph 42.

43. Under the guise of student safety and completely unbeknownst to the student, Defendant instead vortexes up huge amounts of private student data, including online sites visited, videos watched, and terms searched entered by the students, such as the children of these Plaintiffs, in part to drive in part advertising and marketing to children and their parents:




*Id.*

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to knowledge of individuals, and on that basis denies them. To the extent the allegations in Paragraph 43 characterize or describe Securly's website, Securly notes that such source speaks for itself and is subject to judicial notice. Securly denies any characterization or description that is inconsistent therewith and denies the remaining allegations in Paragraph 43.

44. Defendant promotes its product installed on this mobile computing devices that essentially spies on children without their knowledge or consent: "Know your students' online activity with a visual audit trail including records of sites visited, exact searches, and video thumbnails." *Id.*

**ANSWER:** Paragraph 44 contains legal conclusions, to which no response is required. To the extent the allegations in Paragraph 44 characterize or describe Securly's website, Securly notes that such source speaks for itself and is subject to judicial notice. Securly denies any characterization or description that is inconsistent therewith and denies any remaining allegations in Paragraph 44.

45. Defendant explains how its Filter product works in a brochure located on its website and includes an instructive visual:

**How [Securly] Filter works**

1. Network traffic, whether from on-campus devices or ***off-campus managed devices,*** is captured by Securly Filter.

2. Securly Filter detects users and applies the appropriate policies to them.

A - Traffic that is allowed goes to the user as normal.

B - Encrypted traffic is selectively decrypted and analyzed, and is either allowed or blocked.

C - Blocked traffic will display a block page to the user, and option

***3. In all cases, traffic is logged for administrator review.***




https://www.securly.com/site/assets/products-pdf/securly_b2b_PB-Filter 0522.pdf last accessed September 26, 2022 (since removed by Defendant).

**ANSWER:** To the extent the allegations in Paragraph 45 characterize or describe Securly's Filter brochure, now available at https://www.securly.com/site/assets/product-briefs/filter.pdf, Securly notes that such source speaks for itself and is subject to judicial notice. Securly denies any characterization or description that is inconsistent therewith. Securly admits that its Filter tool applies screening policies to identify and block sites that could be harmful to students and logs network traffic on school devices, as schools must do to comply with the Children's Internet Protection Act (FCIPA).

46. In part, Defendant sometimes automatically sends some student's parents unsolicited "push" emails that summarize the content that Defendant has intercepted from their

children's mobile computing devices and also for the purpose of marketing Defendant's own mobile telephone application for parents to install on their smartphones.

**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. Securly denies the remaining allegations in Paragraph 46.

47. Defendant's push emails inform these parents of the videos their children watched, the terms they searched, and the websites they visited—regardless of how sensitive this information might be—and serve as evidence that Defendant tracks this information carefully and shares it with others without the consent of the subjects of that information, video viewing, or private search terms communicated.

**ANSWER:** Paragraph 47 contains legal conclusions, to which no response is required. Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices. To the extent the allegations in Paragraph 47 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies that it shares Student Information without consent and any remaining allegations in Paragraph 47.

***Defendant Works to Hide Its Illegal and Surreptitious Surveillance from Parents***

48. Defendant proactively helps school districts hide the information that it takes from school children by allowing the school district to decide how much to tell the parents about its illegal surveillance techniques:




https://support.securly.com/he/en-us/articles/360009607154-What-kind-of- activity-is-shared-with-parents-in-the-activity-log-, last accessed July 6, 2023.

**ANSWER:** The allegations in Paragraph 48 include selective and incomplete references to Securly's Help Center Support page. Securly states that such source speaks for itself and is available on Securly's website, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith and otherwise denies the allegations in paragraph 48.

49. Defendant enables school districts to effectively conceal its illegal activities from parents who have a right to know who is watching their children and Defendant has in effect substituted its own judgment for that of parents like these Plaintiffs.

**ANSWER:** Paragraph 49 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 49.

50. Defendant's software operates surreptitiously on a school's mobile computing devices and on the school system's computers to intercept and collect this sensitive data, without

the knowledge, notice or consent of the child using the mobile computing device or their parent, including these Plaintiffs.

**ANSWER:** Paragraph 50 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to knowledge of individuals, and on that basis denies them. Securly denies any remaining allegations in Paragraph 50.

51. Plaintiffs and the Class Members, and their minor children, are not notified that Defendant is monitoring their communications, intercepting them, and communicating them to third parties and therefore never consented.

**ANSWER:** Paragraph 51 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 51 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to any additional notifications individuals receive from their schools in compliance with federal law, and on that basis denies them. Securly denies the remaining allegations in Paragraph 51.

52. No advanced notice or consent is given to the child or their parents, including these Plaintiffs, that Defendant will have real-time access to the child's private location, web searches, and video viewing activities on these devices, because Plaintiffs and the other Class Members were never provided with the Defendant's purported terms of service or privacy policies at any time nor were the Plaintiffs given notice of them.

**ANSWER:** To the extent the allegations in Paragraph 52 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly admits that it has published Terms of Service and privacy policies but lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to any additional notifications individuals receive from their schools in compliance with federal law and on that basis denies them. Securly denies the remaining allegations in Paragraph 52.

53. Plaintiffs and the Class Members did not receive or have access to any of these facts related to Defendant illegal surreptitious activity directed toward their children because Defendant's Securly software is installed on Plaintiffs' school mobile computing devices without the prior knowledge, consent, or control of the Plaintiffs.

**ANSWER:** Paragraph 53 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, as to the allegations in Paragraph 53 related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiffs' knowledge based on any additional information available or provided to them, and on that basis denies them. Securly denies the remaining allegations in Paragraph 53.

54. Plaintiffs and the other Class Members are not presented with any pop-ups, click buttons, disclosure windows, or other notice of any kind that Defendant's Securly software application is even running on the child's mobile computing device.

**ANSWER:** To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to notices individuals receive, including from their schools in compliance with federal law, and on that basis denies them. Securly denies the remaining allegations in Paragraph 54.

55. The Plaintiff and other Class Members have never provided any consent to Defendant to operate its Securly software application and conduct surveillance of their minor

children because Plaintiffs and the Class Members had absolutely no idea that Securly even existed.

**ANSWER:** Paragraph 55 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 55 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiffs' knowledge, and on that basis denies them. Securly denies the remaining allegations in Paragraph 55.

56. Defendant Securly's software is designed to be installed by the school district at the operating system and browser level and cannot be either detected, disabled, or removed by the Plaintiffs and the other Class Members.

**ANSWER:** Securly admits that it offers screening, security, and classroom-monitoring products designed for use by its school customers, which must certify that they have internet safety policies that include technology protection measures and are authorized to consent to such measures on behalf of students and their parents by federal law. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiffs' knowledge or capabilities, and on that basis denies them. Securly denies the remaining allegations in Paragraph 56.

57. In effect, Plaintiffs and the Class Members would only learn about Defendant's surveillance practices directed at Plaintiff's minor children if they were affirmatively told by Defendant or its agents, such as when Defendant send out a push email campaign to parents to encourage them to sign up for Defendant's Securly Home application on their mobile smartphones.

**ANSWER:** To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 57 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its

school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to any additional notification to or knowledge of Plaintiffs or putative class members, and on that basis denies them. Securly denies the remaining allegations in Paragraph 57.

58. When Plaintiff's and the Class Members and their minor children access a mobile computing device containing Defendant's Securly software installed on it they are not given an advisory that the Securly app is geotracking, intercepting search terms, monitoring usage, or compiling video watching lists for the child who is using the device.

**ANSWER:** To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 58 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to any additional notification to or knowledge of Plaintiffs or putative class members, and on that basis denies them. Securly denies the remaining allegations in Paragraph 58.

59. Nevertheless, an investigation into Defendant reveals that it has written on its website about how it operates its business model of gathering geolocation, website usage, and video viewing habits of minor children.

**ANSWER:** The allegations in Paragraph 59 include selective and incomplete references to Securly's website. Securly states that such source speaks for itself and is subject to judicial notice. Securly denies any characterization or description that is inconsistent therewith.

60. Defendant does not provide this information to the children or their parents before Defendant begins gathering sensitive private data of these children, rather directing these disclosures to the school districts with which it contracts and apparently relying on the school districts to obtain appropriate consent.

**ANSWER:** Paragraph 60 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations in Paragraph 60 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies any remaining allegations in Paragraph 60.

***Defendant Uses Intimate Knowledge of Children's Online Activities***

***to Market Its Own Securly Mobile App***

61. At other times, Defendant sends unsolicited emails to some parents as "teasers" to encourage these parents to download Defendant's mobile app and sign up for paid versions of its software services.

**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. Securly denies the remaining allegations in Paragraph 61.

62. These teaser emails from Defendant reveal to the recipient parent her/his child's web search term history, websites visited, and videos watched.

**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. Securly denies the remaining allegations in Paragraph 62.

63. Defendant's invasive emails disclose sensitive and private searches by children violating those children's right to privacy and demonstrate the level of information that Securly has obtained and retained about these Plaintiffs and the Other Class Members for its own business purposes.

**ANSWER:** Paragraph 63 contains legal conclusions, to which no response is required. Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. Securly denies the remaining allegations in Paragraph 63.

64. Defendant's push emails are not limited to educational information but, rather, contain personal internet activities that occurred while at home or at other locations outside of school often containing harmless, yet embarrassing, online activities by those children.

**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. Securly denies the remaining allegations in Paragraph 64.

65. Worse yet, Defendant's Securly app tracks children's sensitive search and video views related to sexual orientation, transgender issues, abortion, and contraception for which children may be unwilling to openly discuss with a parent and then Defendant repurposes this type of sensitive information to promote its mobile app:




https://www.securly.com/home-parent last accessed July 13, 2023.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to children's willingness to discuss certain information with that child's own parent, and on that basis denies them. To the extent the allegations in Paragraph 65 include selective and incomplete references to Securly's website, Securly states that such source speaks for itself and is subject to judicial notice. Securly denies any characterization or description that is inconsistent therewith and otherwise denies the remaining allegations in Paragraph 65.

66. The email-push information sent to parents by Defendant's Securly app is not sent as a safety alert, rather, it is used as a marketing tool to get parent's to sign up for its mobile app by Defendant lurking into a child's online activities without benefit to, or consent from, either the child or the parent affected such as these Plaintiffs.

**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. To the extent the allegations in Paragraph 66 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the remaining allegations in Paragraph 66.

67. While these Plaintiffs did not receive emails from Defendant, the practice of sending them is emblematic of the capabilities that Defendant has with confidential student data.

**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. To the extent a response is deemed required, Securly admits that Plaintiffs did not receive emails from Securly and denies all remaining allegations in Paragraph 67.

68. Figure 1 below is an example of an unsolicited push email sent directly by Defendant advising another parent of Defendant's interception of their child's internet activities and video viewing habits:

(NEXT PAGE)

**Fig. 1 - Page 1 of Example Email sent by Defendant to a Parent**



**Fig. 1 - Page 2 of Example Email sent by Defendant to a Parent**




**ANSWER:** Securly admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. To the extent a response is deemed required, Paragraph 68 includes selective and incomplete references to a communication with an individual not a party to this matter. Securly states that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Securly lacks knowledge or information sufficient to form a belief as to the authenticity of the excerpted communications in this Paragraph.

***Defendant Used Minor Children's Illegally Gathered Private Data for Advertising and Marketing Purposes***

69. According to pertinent parts of Defendant's website last updated October 2021 (yellow highlights added):

> Securly, Inc. ("we," "our" or "us") recognizes the importance of privacy. This Privacy Policy describes how we collect, store, use and disclose, or otherwise process (collectively "process") information, including personal information, that we obtain about visitors and users of our website www.securly.com (the "Site") as well as users of our software and related services including the Securly Parent Portal and mobile applications (collectively, the "Services").
>
> …
>
> **1. Information We Collect About You**
>
> We may collect information, including personal information (as defined by applicable privacy law), directly from you, from third parties such as your child's school, or automatically though your use of the Services. We may combine certain information we collect from these various sources
>
> **Information We Collect Directly from You.**
>
> We collect information (including personal information) from you directly as set out below.
>
> **Account and Registration Information.** We collect personal information from you when you sign up for an account with us, including your name and email address. We may also ask or allow you to submit additional account information, such as your phone number, student name, student school, location of school. You may browse parts of our Site without creating an account, however, if you would like to use Securly's Services, we ask you to create an account.
>
> …
>
> **Other Information We Collect Regarding Your Usage of Our Services.** We collect personal information about your use of our Services, such as your purchase history, online related activity such as sites visited, online searches and videos watched, email content, email address, and geolocation information.
>
> **Information We Collect from Third-Party Sources** We may also collect information about you from third parties, which we append to the information we have collected.
>
> **Information We Collect Automatically.** We automatically collect information about you through your use of our Services, including log files, IP address, app identifier, advertising ID, location info, browser type, device type, domain name, the website that led you to our Services, the website to which you go after leaving our Services, the dates and

times you access our Services, and the links you click and your other activities within the Services ("Usage Data"). If you authorize us to collect your geolocation information, we will collect it while our App is running on your device. You can disable our access to your location services by changing your device's location settings. For more information please see the Cookie and Other Tracking Mechanisms Section further below.

…

3. **How We Use Your Information**

**Personalizing Content and Ads.** We may use the information we collect about you to personalize the information and content we display to you, including to tailor the content and information that we may send or display to you, and to otherwise personalize your experiences while using Services, including providing you with more relevant ads. (Legal basis: our legitimate interests).

…

**Research and Analytics.** To analyze how you interact with our Services; to monitor and analyze usage and activity trends; and for other research, analytical, and statistical purposes. (Legal basis: our legitimate interests).

…

**Aggregate, De-identified or Anonymous Data.** We also create and use aggregate, anonymous and de-identified data to assess, improve and develop our business, products and services, and for similar research and analytics purposes. This information is not generally subject to the restrictions in this Policy, provided it does not identify and could not be used to identify a particular individual.

4. **How We Disclose Your Information**

In general, we disclose the personal information we collect as follows:

**1. Affiliates.** We may share your personal information with our affiliates, whose handling of personal information is subject to this Policy.

**2. Service Providers.** We may disclose the information we collect from you to our third-party vendors, service providers, marketing partners, third parties, contractors or agents who perform functions on our behalf so we can provide you with the Services. These may include companies who send emails to our customers and prospective customers; help us to track email response rates, views and forwards; to serve visitor advertisements and to provide advertisements about products of interest to them; and to collect data about how customers and prospective customers interact with our products over time.

…

**6. Aggregate and De-Identified Information.** We may share aggregate or otherwise de-identified information about users with third parties for marketing, advertising, research or similar purposes.

**5. <u>Use of Cookies and Other Tracking Mechanisms</u>**

We and our third-party service providers may use cookies, log files, Web beacons and other tracking mechanisms to track information about your use of our Services. We and our third- party service providers use cookies and other tracking mechanisms to track information about your use of our Services. We may combine this information with other personal information we collect from you (and our third party service providers may do so on our behalf).

**Cookies.** Cookies are alphanumeric identifiers that we transfer to your computer's hard drive through your web browser for record-keeping purposes. Some cookies allow us to make it easier for you to navigate our Site and Services, while others are used to enable a faster login process or to allow us to track your activities at our Site and Service. There are two types of cookies: session and persistent cookies.

**Clear GIFs, pixel tags and other technologies.** Clear GIFs are tiny graphics with a unique identifier, similar in function to cookies. In contrast to cookies, which are stored on your computer's hard drive, clear GIFs are embedded invisibly on web pages. We may use clear GIFs (a.k.a. web beacons, web bugs or pixel tags), in connection with our Services to, among other things, track the activities of Site visitors, help us manage content, and compile statistics about Site usage. We and our third party service providers may also use clear GIFs in HTML e-mails to you, to help us track e-mail response rates, identify when our e-mails are viewed, and track whether our e-mails are forwarded.

**Third Party Analytics.** We use automated devices and applications, such as Google Analytics, to evaluate usage of our Site and our Services. We also may use other analytic means to evaluate our Services. We use these tools to help us improve our Services, performance and user experiences. These entities may use cookies and other tracking technologies to perform their services.

**Geolocation Information.** We may use geolocation information for the purpose of administering our Services to you.

**Do-Not-Track Signals.** Our Site does not currently respond to do-not-track signals. For more information about do-not-track signals, please click here <u>here.</u> You may, however, disable certain tracking as discussed in the Cookies and Other Tracking Mechanisms section above (e.g., by disabling cookies).

**6. <u>Interest-Based *Advertising*</u>**

We may work with third parties such as network advertisers to assist us in displaying advertisements on third-party websites, and to evaluate the success of our advertising campaigns. We may use information about

> your visit to our Site for these purposes; however, we do not use personal information collected from the Services for these purposes.
>
> …
>
> **12. Children**
>
> Please refer to our COPPA Policy with respect to the personal information collected from children and students under the age of 13 via the Services. Children under the age of 16 cannot legally give their consent. Instead, consent of their 2arent or legal guardian needs to be provided.
>
> https://www.securly.com/privacy last accessed July 6, 2023 (yellow highlights added).

**ANSWER:** Paragraph 69 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. Securly admits that, until August 14, 2024, it maintained a Website Privacy Policy at https://www.securly.com/privacy which covered Securly's treatment of data collected from website visitors and customers and explicitly stated that it was not intended to cover how Securly treats data related to students or data collected from students' use of Securly's services. Securly further admits that it has since replaced the stand-alone Website Privacy Policy with a combined, comprehensive Privacy Policy hosted at the same domain. Securly notes that such sources speak for themselves and respectfully refers to Request for Judicial Notice ("RJN") Exs. 3 & 5 (Dkt. 26), respectively, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith.

70. At no time did Plaintiffs or the Other Class Members receive this "Privacy Policy" or agree to its terms either in paper form or electronically.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

***Defendant's Student Privacy Policy***

71. Moreover, Defendant has a separate "Student Privacy Policy" last updated April 2023, also located on its website, which acknowledges the legal obligation to provide prior notice and obtain appropriate consent before sensitive personal information is intercepted by Defendant from school districts like those of the Plaintiff and other Class Members:

> **2. Consent**
>
> Securly is covered as an operator under COPPA when our Services are directed to children under 13. Under COPPA, **we are required to obtain parental consent to the collection of personal information online from children under 13.** When schools use our Services, the school (including a

> teacher, school district, or an administrator or other designated employee of the school or district), **we require schools to consent to our collection and use of Student Information, on behalf of parents.** When parents use the Services independent of a school, we require parental consent to the collection and use of personal information from children under 13 as part of the Services.
>
> All Student Information transmitted to Securly by its customers is and will continue to be the property of and under the control of the customer. **By transmitting Student Information to Securly, schools and parents (1) authorize Securly to use the Student Information as described in this Student Policy and (2) acknowledge that it is the responsibility of the transmitting party to provide appropriate notification and consent mechanisms where required by regulation or statute.**
>
> You may withdraw your consent to our processing of the personal information of your student at any time. However, withdrawing consent may result in a student's inability to continue using some or all of the Services.
>
> https://www.securly.com/students-privacy last accessed September 21, 2023 (bold emphasis added).

**ANSWER:** Paragraph 71 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that it requires schools to consent to the collection and use of Student Information on parents' behalf and relies on representations by its school customers that they have provided any appropriate notification and consent mechanism where required by regulation or statute. Securly admits that, until August 14, 2024, it maintained a separate Student Privacy Policy available at https://www.securly.com/students-privacy, which covered Securly's collection and use of data related to students and data collected from students' use of Securly's services, and that Securly has since replaced the stand-alone Student Privacy Policy with a combined, comprehensive Privacy Policy at https://www.securly.com/privacy. Securly notes that such sources speak for themselves and respectfully refers to RJN Exs. 2 & 5 (Dkt. 26), respectively, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith.

72. At no time did Plaintiffs or the Other Class Members receive this "Student Privacy Policy" or agree to its terms either in paper form or electronically.

**ANSWER:** To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not

suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

73. At no time were Plaintiffs or the Other Class Members presented with a pop-up dialog or sign in screen on their mobile computing devices which referred to either the Privacy Policy, Student Privacy Policy, or any other term or condition for Defendant's use of its Securly software which would have given them notice and/or provided their consent.

**ANSWER:** Paragraph 73 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 73 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

74. For comparison, the federal court system presents a consent pop-up every single time a user logs into the PACER System requiring users to affirmatively acknowledge important redaction responsibilities every time a user logs on:

(NEXT PAGE)




**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

75. In contrast, nothing that Defendant did gave Plaintiffs or any Other Class Member any actual or constructive notice that by accessing their mobile computing devices that Defendant was going to intercept the data and communications from their private search terms, video viewing habits, and website visits.

**ANSWER:** Paragraph 75 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 75 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the remaining allegations in Paragraph 75.

76. Defendant's conduct was not simply filtering out certain content, but rather actively intercepting search terms, page visits, application usage, and video viewing habits of students like the children of Plaintiffs and the other Class Members and using that intercepting data and communications:

> **4. Student Information**
>
> Student Information and User Information may be collected directly from you or from students, from third parties, and automatically through use of the Services. Such information may include, but is not limited to, personal information, and the online activity, social media usernames

> and activity, electronic communications, and general web browsing activity of the student.
>
> **5. Information We Collect Directly**
>
> We collect students' mobile device ID; device name and model; and operating system type, name, and version of school issued devices. Some of our Services may require users (including students, teachers, staff, administrators, or anyone else given login credentials to our software) to have appropriate user credentials to log in to access software. This information Student Information or User Information may include user first and last names, user email addresses, user graduation years, and other related data that may be considered personal information under relevant data privacy regulations and statutes. You may provide this information to Securly rather than Securly collecting it directly from end users.
>
> **6. Information We Collect Automatically**
>
> In order to provide our Services and to understand a student's activity while using our Services, we may automatically collect the following information about a student or user through cookies, web beacons, and other technologies: information regarding a student's personal computing device, browser type, browser language, operating system, Internet Protocol ("IP") address, and the actions a student or user takes while using the Services including while online (such as the web pages viewed or blocked, the length of time a student visited a website, links clicked, and messages sent or posted).
>
> When the Services are used on a personal computing device owned by schools, we may use geolocation information to determine the location of the device. Such information is specific to the device only and is not specific to any student or child. We may also use elements of usage and analytics information (such as IP address) to determine generalized location.
>
> **7. Student Information that We Collect from Social Networking Sites**
>
> If you permit your students to use Facebook, Twitter, or other social networking sites ("Social Networking Sites") in connection with the Services, we will collect students' Social Networking Site activity including students' public and private posts on Social Networking Sites and other messaging activity for purposes of providing the Services, including, as applicable, for detection of cyber-bullying or risk of self-harm.
>
> We store students' Social Networking activity with other Student Information.

*Id.*

**ANSWER:** Paragraph 76 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate

to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly admits that, until August 14, 2024, it maintained a separate Student Privacy Policy available at https://www.securly.com/students-privacy, which covered Securly's collection and use of data related to students and data collected from students' use of Securly's services and that Securly has since replaced the stand-alone Student Privacy Policy with a combined, comprehensive Privacy Policy at https://www.securly.com/privacy. Securly notes that such sources speak for themselves and respectfully refers to RJN Exs. 2 & 5 (Dkt. 26), respectively, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith.

77. None of these privacy disclosures or data usage practices in the "Student Privacy Policy" or the alternative "Privacy Policy" were ever disclosed by Defendant to Plaintiffs or the other Class Members, or their children, prior to Defendant's illegal interception of their private communications, private search histories, and private video viewing habits, because the Securly software was installed in their children's mobile computing devices without out their prior knowledge or consent.

**ANSWER:** Paragraph 77 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly admits that its tools are designed to be installed on school-owned devices by schools who choose to use Securly's services. To the extent the allegations in Paragraph 77 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to individuals' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 77.

78. By actively intercepting this digital information without the consent of knowledge of consumers like these Plaintiffs and the other Class Members, Defendant is able to in part deliver targeted advertising to those consumers while tracking their locations, spending habits, and personal characteristics, while sharing this rich personal data simultaneously with untold numbers

of third-party companies by in essence "fingerprinting" each unique mobile computing device and user, as well as connecting users across devices and devices across users.

**ANSWER:** Paragraph 78 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent the allegations in Paragraph 78 relate to Plaintiffs' notice and consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 78.

79. Defendant, without consent, surreptitiously intercepts, collects, and shares each Plaintiffs and Class Members' activity while using various applications including Securly on their mobile computing devices without their knowledge or consent.

**ANSWER:** Paragraph 79 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to individuals' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 79.

80. This data collection includes all sorts of website information, as well as each Plaintiffs' and the Class Members' respective IP addresses, browser and device information, user IDs, geolocation data, and other data, used by Defendant to "fingerprint" individuals across the internet for Defendant's benefit, in part by deriving revenue from the targeted marketing and sale of this information to third parties.

**ANSWER:** Paragraph 80 contains Plaintiffs' characterization of their claims to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025

(Dkt. 44). To the extent a response is deemed required, Securly admits that it collects information, including geolocation information, applicable to school-owned devices, to determine the location of school-owned devices, through its products on behalf of school customers. Securly denies all remaining allegations in Paragraph 80.

81. Defendant and others installed and otherwise used a software system on each Plaintiffs' mobile computing device which gathers geo-location data from each Plaintiffs' whereabouts, as well as the previously described datapoints on that device, but without that Plaintiffs express consent or knowledge and then created consumer reports based upon this information.

**ANSWER:** Securly admits that its tools are designed to be installed on school-owned devices by schools who choose to use Securly's services and may collect geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. To the extent the allegations in Paragraph 81 relate to Plaintiffs' consent, Securly collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to individuals' knowledge, and on that basis denies them. Securly denies all remaining allegations in Paragraph 81.

82. Defendant uses its software to combine this information with other data points Defendant has obtained about each Plaintiff to create a composite of that Plaintiffs' physical locations and sensitive consumer behavior.

**ANSWER:** Securly denies the allegations in Paragraph 82.

83. Defendant also makes it easy for third parties to review and analyze all the data it has intercepted about Plaintiffs and the Other Class members by using an administrative portal that shows complete lists of the following for the minor children it has surveilled:

> 7. The "Sites" tab will list all the websites visited.
>
> 8. The "Videos" tab lists all YouTube videos the user searched for and watched.
>
> 9. The "Searches" tab lists the keywords that the student searched for.
>
> 10. The "Wiki" tab lists what the student searched for or viewed specifically on Wikipedia.
>
> 11. The "SocialPosts" tab will display all activity on social media platforms like Facebook and Twitter.
>
> 12. For details about each entry, you can mouse over the info icon on the right-hand side to the display category under which it was blocked and the public IP address that attempted to access it.
>
> https://support.securly.com/hc/en-us/articles/360049583613-How-is-user-activity-displayed-under-the-Activities-tab-, last accessed July 13, 2023.

**ANSWER:** The allegations in Paragraph 83 include selective and incomplete references to Securly's Help Center Support page. Securly states that such source speaks for itself and is available on Securly's website, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith. Securly admits that its software is designed for use by its school district customers and that those customers can review monitoring reports generated by Securly pursuant to their contracts. Securly denies the remaining allegations in Paragraph 83.

***Defendant's Data Can Be Used to Identify Children and***

***Track Them to Sensitive Private Locations***

84. On August 29, 2022, the Federal Trade Commission filed a federal lawsuit against another company for its market conduct in illegally gathering geo- location data. *Federal Trade Commission v. Kochava, Inc.,* USDC-Dist. Idaho Case 2:22-cv-00377-DCN Document I Filed *08129122* ("FTC Complaint").

**ANSWER:** Paragraph 84 contains Plaintiffs' characterization of a third-party action not involving Plaintiffs or Securly to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

85. The FTC Complaint details how precise geolocation data associated with mobile advertising identifiers ("MAIDS"), such as the data gathered and sold by Defendant, may be used to track consumers to sensitive locations, including places of religion, domestic abuse shelters, places inferring LGBTQ+ identification, medical facilities, welfare and homeless shelters, and reproductive health clinics.

**ANSWER:** Paragraph 85 contains Plaintiffs' characterization of a third-party action not involving Plaintiffs or Securly to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

86. Since each set of these geolocation coordinates is time-stamped, it is also possible to identify when a mobile device visited a certain location such as a Plaintiffs child's home, playground, or even their bedroom.

**ANSWER:** The allegations in this Paragraph relate to a third-party action not involving Plaintiffs or Securly to which no response is required. To the extent a response is deemed required, Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies all other allegations in Paragraph 86.

87. The location data that Defendant obtains is not anonymized and it is possible to use the geolocation data combined with the mobile device's MAID to identify the user or owner of the device since that information is also provided to Defendant, as evidenced by the unsolicited email alerts Defendant sends out to the parents of the children utilizing Defendant's software system listing websites visited, terms searched, and videos watched by the child.

**ANSWER:** Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly further admits that it allows parents whose children attend educational institutions with which Securly contracts to receive notifications and weekly email reports regarding the children's use of school-owned devices should parents choose to receive such notifications and reports. Securly denies all other allegations in Paragraph 87.

88. The geolocation data gathered by Defendant includes multiple timestamped signals identifying the Plaintiffs child's geolocation during app usage and video viewing.

**ANSWER:** Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices but denies all other allegations in Paragraph 88.

89. By plotting each of these signals of a map, much can be inferred about the Plaintiffs child's mobile device users and private device usage patterns.

**ANSWER:** Paragraph 89 contains Plaintiffs' characterization of their claims to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the vague and speculative allegations, in the form and manner alleged, in Paragraph 89 and therefore denies those allegations.

***Defendant Practices Cause Substantial Injury to Consumers***

90. As described above, the data collected, stored, and sold by Defendant may be used to identify individual consumers and their visits to sensitive locations such as these Plaintiffs. The collection, sharing, access, use and/or sale of such data poses an unwarranted and unauthorized intrusion into the most private areas of a consumer's life and caused or is likely to cause substantial injury to the consumers such as these Plaintiffs and the other members of the class.

**ANSWER:** Paragraph 90 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 90.

91. The dangers associated with Defendant's practices are numerous. For example, the data set makes it possible to identify a mobile device which visited a reproductive health clinic website, searched for the word "pregnancy" or can demonstrate a child's location, path of travel, and routines by showing location data from a particular address, numerous times, in a single week.

**ANSWER:** Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies all other allegations in Paragraph 91.

92. Defendant collects and stores and disseminates this data all without the user's knowledge or consent.

**ANSWER:** As to the allegations in Paragraph 92 related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to individuals' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 92.

93. Allowing a person access to such information, even for a brief period, can cause substantial injury to the consumer such as these Plaintiffs and their children.

**ANSWER:** The allegations in this Paragraph contain legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 93.

94. Identification of sensitive and private characteristics of child consumers from the location data sold, shared, exposed and/or offered by Defendant injures or is likely to injure those consumers through potential exposure to stigma, discrimination, physical violence, emotional distress, and other harms, by which the Plaintiffs and their children are directly harmed.

**ANSWER:** The allegations in this Paragraph contain legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 94.

95. The collection and use of the Plaintiffs' location data by Defendant are completely unknown and/or opaque to these child consumers and their parents, who typically do not know who has collected their location data and how it is being used-let alone to consent to the interception and use of that data from their mobile computing devices.

**ANSWER:** Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly further admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph related to individuals' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 95.

96. Oftentimes the mobile tablet-type school-issued devices that Defendant tracks have been removed from the school setting and taken home by the children such as these Plaintiffs who are unwittingly sharing sensitive geolocation data with Defendant using her or his parent's own internet service.

**ANSWER:** Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to individuals' removal of school-owned devices from the schools themselves, and on that basis denies them. Securly denies any remaining allegations in Paragraph 96.

97. Once the information has been collected and stored by Defendant, the Plaintiffs' information can be sold multiple times to companies those consumers have never heard of and

never interacted with and the Plaintiffs are therefore unable to take reasonable steps to avoid the above-described injuries.

**ANSWER:** Securly denies the allegations in Paragraph 97.

98. By Defendant's own admissions, the data it collects from children students violates California's broad remedial statutory scheme supporting consumer privacy rights, as codified under Cal. Pen. Code § 630, et seq.

**ANSWER:** Paragraph 98 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 98.

99. This sensitive private information can then be combined with other third-party information to "quilt" a picture of a child's interests, habits, and locations and market and advertise to the parents and children such as these Plaintiffs.

**ANSWER:** Paragraph 99 contains Plaintiffs' characterization of their claims to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the vague and speculative allegations, in the form and manner alleged, in Paragraph 99 and therefore denies those allegations.

100. Defendant itself admits that it tracks sensitive consumer geolocation data in violation of California law because it has absolutely no consent to gather such tracking information from Plaintiffs but rather simply announces that fact on its website after it has already done it:

> **Geolocation Information.** We may use geolocation information for the purpose of administering our Services to you.
>
> https://www.securly.com/privacy last accessed July 6, 2023.

**ANSWER:** Securly admits that, until August 14, 2024, it maintained a Website Privacy Policy at https://www.securly.com/privacy which covered Securly's treatment of data collected from website visitors and customers and explicitly stated that it was not intended to cover how Securly treats data related to students or data collected from students' use of Securly's services, and that Securly has since replaced the stand-alone Website Privacy Policy with a combined, comprehensive Privacy Policy hosted at the same domain. Securly notes that such sources speak for themselves and respectfully refers to RJN Exs. 3 & 5 (Dkt. 26) of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith. Securly denies any remaining allegations in Paragraph 100.

101. Defendant also readily admits that it will use the sensitive and valuable private information it gathers about children such as the Plaintiffs, combines it with other third-party data, and uses it to sell advertising.

> **How We Disclose Your Information**
>
> In general, we disclose the personal information we collect as follows:
>
> 1. Affiliates. We may share your personal information with our affiliates, whose handling of personal information is subject to this Policy.
>
> 2. Service Providers. We may disclose the information we collect from you to our third-party vendors, service providers, marketing partners, third parties, contractors or agents who perform functions on our behalf so we can provide you with the Services. These may include companies who send emails to our customers and prospective customers; help us to track email response rates, views and forwards; to serve visitor advertisements and to provide advertisements about products of interest to them; and to collect data about how customers and prospective customers interact with our products over time.
>
> 3. Business Transfers. We may disclose information to another entity in connection with, including during negotiations of, an acquisition or merger, sale or transfer of our assets, a, bankruptcy proceeding or as part of any other similar business transfer, including during negotiations related to such transactions.
>
> 4. In Response to Legal Process. We also may disclose the information we collect from you in order to comply with the law, a judicial proceeding, court order, or other legal process, such as in response to a court order or a subpoena.
>
> 5. To Protect Us and Others. We also may disclose the information we collect from you where we believe it is necessary to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the safety of any person, violations of our Terms of Use or this Policy, or as evidence in litigation in which we are involved.
>
> 6. **Aggregate and De-Identified Information.** We may share aggregate or otherwise de-identified information about users with third parties for marketing, advertising, research or similar purposes.
>
> *Id.* (bold added).

**ANSWER:** Securly admits that, until August 14, 2024, it maintained a Website Privacy Policy at https://www.securly.com/privacy which covered Securly's treatment of data collected from website visitors and customers and explicitly stated that it was not intended to cover how Securly treats data related to students or data collected from students' use of Securly's services, and that Securly has since replaced the stand-alone Website Privacy Policy with a combined, comprehensive Privacy Policy hosted at the same domain. Securly notes that such sources speak

for themselves and respectfully refers to RJN Exs. 3 & 5 (Dkt. 26), respectively, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith. Securly denies all remaining allegations in Paragraph 101.

102. At no time were Plaintiffs or their children ever told about the surreptitious use of Defendant's Securly surveillance software on their children's school-issued mobile computing devices and they never provided consent for the interception of their private communications, either verbally or in writing.

**ANSWER:** Paragraph 102 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph related to individuals' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 102.

103. At no time did Plaintiffs ever consent in writing, verbally, or otherwise to the gathering of sensitive geolocation data of their children or the tracking of videos watched, words searched, or websites visited by their children.

**ANSWER:** Paragraph 103 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph related to individuals' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 103.

***Injury-in-Fact and Harm***

104. Plaintiffs and their children have suffered concrete and particularized harm as a result of Defendant's unauthorized data collection and monitoring practices.

**ANSWER:** Paragraph 104 contains legal conclusions, to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents,

the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 104.

105. Specifically, Defendant's collection and use of children's personal information, including sensitive geolocation data and browsing history, has caused significant emotional distress and anxiety to both children and their parents.

**ANSWER:** Paragraph 105 contains legal conclusions, to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

106. Parents were shocked and alarmed to learn that their children's private online activities were being tracked and shared without their knowledge or consent.

**ANSWER:** The allegations in this Paragraph relate to a theory of standing for Plaintiff Parents that the Court dismissed, ruling that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing, in its minute order on July 1, 2025 (Dkt. 44) and, therefore, no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

107. The unauthorized collection of this sensitive data has also caused direct harm by exposing Plaintiffs' children to privacy violations, loss of autonomy, and the misuse of personal information for commercial purposes.

**ANSWER:** Paragraph 107 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 107.

108. Defendant's actions have resulted in a breach of trust between parents, children, and the educational institutions that were supposed to safeguard their privacy.

**ANSWER:** Paragraph 108 contains legal conclusions, to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents,

the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

109. By collecting and sharing children's personal data for non-educational purposes, Defendant has undermined the reasonable expectations of privacy that parents and children hold, especially when engaging in educational activities.

**ANSWER:** Paragraph 109 contains legal conclusions, to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 109.

110. The unauthorized surveillance of children's browsing habits, location, and other personal information has caused Plaintiffs to experience a loss of control over their personal data, which has been further exacerbated by Defendant's failure to disclose the full extent of its data collection practices.

**ANSWER:** Paragraph 110 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 110.

***Defendant's Securly Software Allows Teachers, Administrators and Technical Staff to Watch Children's Devices While at Home***

111. Defendant's Securly app installed on Plaintiffs and the other Class Members has the capability to even surreptitiously view a child's device screen, while that child is in their own home without their knowledge, control, or consent:

(NEXT PAGE)

securly

What do you need help with?

Ex. SSL Certificates, Take-home policies, Securly Filter

Support › Classroom › How to

# Classroom - Allow students to be monitored while at home (Turn off IP Exclusion for Teacher Tools)

David Pasqua
Updated 2 years ago

Follow

To allow students to be monitored at home from Teacher Tools please, log in to the Device Console (deviceconsole.securly.com) and go to Organization > Settings > System tab > disable the *Exclude Teacher Tools for outside IP address ranges* feature (uncheck the box) > Save.




Now students will be able to work from home and teachers will be able to do all the functions of Teacher Tools during "school hours" (Device Console > Settings > School Schedule tab).

Please remember that a student may only be monitored in a single class at a time. Multiple classes cannot manipulate a single student simultaneously.

Please also remember that there might be a liability/privacy issue with viewing a student's screen while he/she is at home. You may elect to disable screen monitoring by going to the Device Console > Organization > Settings > Permissions tab > In the Teacher Tools section turn off *View Screens* (uncheck) > Save. This will turn off the view screen feature for all users in those roles.




**ANSWER:** The allegations in Paragraph 111 include selective and incomplete references to Securly's Help Center Support page. Securly states that such source speaks for itself and is available on Securly's website, of which the Court may take judicial notice. Securly denies any characterization or description that is inconsistent therewith and otherwise denies the allegations in Paragraph 111.

112. https://support.securly.com/hc/en-us/articles/360044710933-Classroom-Allow-students-to-be-monitored-while-at-home-Tum-off-IP-Exclusion-for-Teacher-Tools- last accessed July 13, 2023.

**ANSWER:** Paragraph 112 consists of a link to a page on Securly's website. Securly states that such source speaks for itself and is available on Securly's website, of which the Court may take judicial notice.

113. This capability is recognized even by the Defendant to be fraught with potential danger: "Please also remember that there might be a liability/privacy issue with viewing a student's screen while he/she is at home." *Id.*

**ANSWER:** The allegations in Paragraph 113 include selective and incomplete references to Securly's Help Center Support page. Securly states that such source speaks for itself and is available on Securly's website, of which the Court may take judicial notice. Securly denies

any characterization or description that is inconsistent therewith and otherwise denies the allegations in Paragraph 113.

114. The Plaintiffs and other Class Members certainly had a reasonable expectation of privacy within their own homes and other private places outside the school grounds and the Defendant's use of a screen-sharing feature outside of the school violated their right to privacy, especially when accessing these mobile computing devices on their own WIFI connections.

**ANSWER:** Paragraph 114 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 114.

***Independent Analysis Published a "Warning" to Educators and Parents About Defendant's Securly Software***

115. Common Sense Media is "the nation's leading nonprofit organization dedicated to improving the lives of all kids and families by providing the trustworthy information, education, and independent voice they need to thrive in the 21st century." https://www.commonsense.org/ last accessed September 21, 2023.

**ANSWER:** Paragraph 115 contains Plaintiffs' selective quotation of third-party statements and argument to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

116. Common Sense published an analysis of Securly software on June 7, 2021, and provided in the following headline on its website:




**ANSWER:** Paragraph 116 contains Plaintiffs' selective quotation and characterization of a third-party publication to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

117. Common Sense issued this WARNING about Securly because of a myriad of issues it identified with Defendant's privacy practices, including but not limited to the following

categories and commentary, in its independent analysis (available at https://privacy.commonsense.org/privacy-report/securly last accessed September 21, 2023):

**2.1: DATA COLLECTION**

- ⚠ Personally identifiable information (PII) is collected.
- ⚠ Geolocation data are collected.
- ⚠ Interactions, behaviors, or usage analytics data are collected.
- ⚠ Data is automatically collected.

**2.2: DATA SOURCE**

- ⚠ Personal information or education records are collected from preK-12 students.
- ⚠ Personal information from children under 13 years of age is collected.

**2.3: DATA EXCLUDED**

- ⚠ Specific types of collected information are excluded from the privacy policy.

**3.1: DATA SHARED WITH THIRD PARTIES**

- ⚠ Collected information is shared with third parties.

**3.2: DATA USE BY THIRD PARTIES**

- ⚠ Data are shared for analytics.
- ⚠ Data are shared for research and/or product improvement.
- ⚠ Personal information Is shared for third-party marketing.

**3.5: THIRD-PARTY DATA ACQUISITION**

- ⚠ Personal information about users Is obtained from third parties.

**3.8: THIRD-PARTY DATA COLLECTION**

- ⚠ Personal information of users is collected by a third party.

**3.9: THIRD-PARTY DATA MISUSE**

- ⚠ Unclear whether personal information can be deleted from a third party.

**3.13: THIRD-PARTY DATA COMBINATION**

Company may combine data with additional data from third-party sources.

**3.14: THIRD-PARTY AUTHENTICATION**

Personal information from third-party login providers is collected.

**3.15: DE-IDENTIFIED OR ANONYMIZED DATA**

User information that is shared is not shared in an anonymous or de-identified format.

**4.1: DATA USE**

Unclear whether use of information is limited to the purpose for which it was collected.

Unclear whether this product treats combined information as personally identifiable information (PII).

**4.3: DATA NOTICE**

Unclear whether notice is provided if the context in which data are collected changes.

**5.1: USER CONTENT**

Unclear whether opt-in consent is requested from users at the time personal information is collected.

**5.3: REMEDY PROCESS**

Unclear whether a grievance or remedy mechanism is available for users to file a complaint.

**5.4: DATA SETTINGS**

Unclear whether users can control the use of their information through privacy settings.

**5.5: DATA DISCLOSURE**

Unclear whether users can opt out from the disclosure or sale of their data to a third party.

Unclear whether users can request to know what personal information has been shared with third parties.

Unclear whether notice is provided in the event the company receives a government or legal request for a user's information.

**6.1: DATA ACCESS**

⚠ Unclear whether methods are available to restrict who has access to data.

**7.1: DATA HANDLING**

⚠ User information can be transferred to a third party in the event of a merge, acquisition, or bankruptcy.

⚠ Unclear whether notice is provided to users if the company assigns its rights or delegates its duties to another company.

⚠ Unclear whether users are notified if their information is transferred to a third party.

**7.2: TRANSFER REQUEST**

⚠ Unclear whether user information can be deleted prior to its transfer to a third party.

**8.1: USER IDENTITY**

⚠ Unclear whether a user's identity is verified with additional personal information.

**9.2: DATA VISIBILITY**

⚠ Unclear whether personal information can be displayed publicly.

⚠ Unclear whether this product allows users to control how their data are displayed to others.

**10.4: AD TRACKING**

⚠ Data are collected by third-parties for their own purposes.

⚠ User's information is used to track and target advertisements on other third-party websites or services.

⚠ Unclear whether ads displayed to children are filtered for inappropriate content.

**10.6: MARKETING COMMUNICATIONS**

⚠ The company can send marketing messages.

**10.8: DO NOT TRACK**

⚠ Company does not respond to "Do Not Track" or other opt-out mechanisms.

The company does provide a method for users to opt- out from third-party tracking.

**11.1: CHILDREN UNDER 13**

Company does have actual knowledge that personal information from users under 13 years of age is collected.

The company does provide a section, heading, or separate policy for children in their policies.

Unclear whether this product restricts or prohibits account creation for users under 13 years of age.

**ANSWER:** Paragraph 117 contains Plaintiffs' selective quotation and characterization of a third-party publication to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 117.

118. What is abundantly clear from the Common Sense analysis of Securly is that the claims made by the Plaintiffs and the other class Members are well-grounded in law, in fact, and in concern for the data privacy practices of this Defendant.

**ANSWER:** Paragraph 118 contains Plaintiffs' characterization of a third-party publication and their own claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 118.

***Defendant's Unlawful Use of an Electronic Tracking Device***

119. California Penal Code § 637.7 prohibits the use of surreptitious electronic tracking devices:

> § **637.7. Electronic tracking device**
>
> (a) **No person or entity in this state shall use an electronic tracking device to determine the location or movement of a person.**
>
> (b) This section shall not apply when the registered owner, lessor, or lessee of a vehicle has consented to the use of the electronic tracking device with respect to that vehicle.
>
> (c) This section shall not apply to the lawful use of an electronic tracking device by a law enforcement agency.
>
> (d) **As used in this section, "electronic tracking device" means any device attached to a vehicle or other movable thing that reveals its location or movement by the transmission of electronic signals.**
>
> (e) A violation of this section is a misdemeanor.
>
> (f) A violation of this section by a person, business, firm, company, association, partnership, or corporation licensed under Division 3 (commencing with Section 5000) of the Business and Professions Code shall constitute grounds for revocation of the license issued to that person, business, firm, company, association, partnership, or corporation, pursuant to the provisions that provide for the revocation of the license as set forth in Division 3 (commencing with Section 5000) of the Business and Professions Code.
>
> (Bold added.)

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

120. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**ANSWER:** Securly admits that Plaintiffs seek damages and injunctive relief, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

121. Each Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally used an electronic tracking device as prohibited by California Penal Code § 637.7.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and, therefore, no response is required.

122. Each Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally tracked each Plaintiff's geolocation on that Plaintiff's movable device without that Plaintiff's consent as prohibited by California Penal Code § 637.7.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and, therefore, no response is required.

123. Defendant violated each Plaintiffs' constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded tracking of geolocation data with that Plaintiff that the sensitive and private geolocation data would be recorded, and Defendant did not try to obtain either Plaintiff's consent before such use of an electronic tracking device and the recording of its results.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and, therefore, no response is required.

124. The use of the electronic tracking device by Defendant as described further herein was unauthorized and done without either Plaintiffs' prior knowledge or consent. Each Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and, therefore, no response is required.

125. Defendant, its employees, or agents, secretly recorded an electronic communication made involving each Plaintiff and others.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and, therefore, no response is required.

126. At no time before, during, or after any of the communications was either Plaintiff warned, told, advised, or otherwise given any indication by Defendant, its employees or agents, that the content of each Plaintiff's communications were recorded.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

127. As a result thereof, each Plaintiff has been damaged as set forth in the Prayer for Relief herein.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

128. Each Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

**ANSWER:** The allegations in this Paragraph relate to a claim under California Penal Code § 637.7 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

**CHILDREN'S ONLINE PRIVACY PROTECTION ACT("COPPA") VIOLATIONS**

**15 U.S.C. § 6501**

129. Defendant Securly violated the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, et seq., by collecting personal information from children under the age of 13 without obtaining verifiable parental consent.

**ANSWER:** Paragraph 129 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly otherwise denies the allegations in Paragraph 129.

130. COPPA specifically prohibits the collection of personal information from children under 13 by operators of websites or online services directed at children, or operators with actual knowledge that they are collecting such information, without first obtaining verifiable parental consent.

**ANSWER:** Paragraph 130 contains Plaintiffs' characterization of COPPA, to which no response is required. To the extent a response is deemed required, Securly admits that COPPA is

codified as 15 U.S.C. § 6501, *et seq.*, and respectfully refers the Court to that statute for its full, complete, and accurate contents.

131. Securly provides web filtering and monitoring services to schools and school districts, directly targeting children, including these Plaintiffs, as part of its service offering.

**ANSWER:** Securly admits that its tools are designed to be installed on school-owned devices by schools who choose to use Securly's services and are governed by federal law including COPPA, the FCIPA, and FERPA. Securly denies any remaining allegations in Paragraph 131.

132. Through its Securly Filter and other products, Securly intercepts, collects, and processes vast amounts of personal information from children, including those under 13, who use internet-connected devices provided by their schools, such as Chromebooks or tablets.

**ANSWER:** Securly admits that its Filter tool applies screening policies to identify and block sites that could be harmful to students and logs network traffic on school devices, as schools are required to do under the FCIPA. Securly denies any remaining allegations in Paragraph 132.

133. These devices, typically issued by schools for educational purposes, are installed with Securly's software, which tracks and monitors the students' online activities, including web searches, websites visited, and video viewing habits, all without parental knowledge or consent.

**ANSWER:** Securly admits that its tools are designed to be installed on school-owned devices by schools who choose to use Securly's services and are governed by federal law including COPPA, the FCIPA, and FERPA. To the extent the allegations in Paragraph 133 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to parents' knowledge, and on that basis denies them. Securly denies any remaining allegations in Paragraph 133.

134. Securly knowingly collects personal information, including persistent identifiers, IP addresses, geolocation data, and detailed browsing history from children under the age of 13.

**ANSWER:** Securly admits that, consistent with federal law, it collects certain information, including geolocation information, applicable to school-owned devices, to determine the location of school-owned devices, through its products on behalf of its school customers, which are statutorily authorized to consent to such measures on behalf of students and their parents. Securly denies all remaining allegations in Paragraph 134.

135. Despite targeting schools and children in elementary, middle, and high schools across the country, Securly has failed to provide the required notice to parents and has not obtained verifiable parental consent before collecting this personal information from minors, as required by COPPA.

**ANSWER:** Paragraph 135 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that it offers screening, security, and classroom-monitoring products designed for use by its school customers, which are statutorily required to certify that they have internet safety policies that include technology protection measures to maintain a safe environment and protect students, and that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. To the extent the allegations in Paragraph 135 relate to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 135.

136. In violation of COPPA, Defendant Securly:

- Collected personal information from children under 13 without notifying parents or obtaining verifiable parental consent;
- Failed to provide clear, understandable, and complete notice of its data collection practices to parents, including details about the type of information collected, how it is used, and the entities with which it is shared;
- Used personal information collected from children for commercial purposes, including selling or licensing the data to third parties for advertising, analytics, or other purposes, without the knowledge or consent of the children's parents;
- Allowed third-party service providers, advertisers, and partners to track and collect additional personal information from children who use school- issued devices monitored by Securly's software.

**ANSWER:** Paragraph 136 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations relates to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 136.

137. These actions were taken without Securly implementing appropriate mechanisms to ensure parental consent, in direct violation of COPPA, which mandates that companies collecting personal information from children must first notify parents and obtain their verifiable consent.

**ANSWER:** Paragraph 137 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 137.

138. By collecting and using children's personal information in this manner, Securly engaged in a pattern of unfair and deceptive trade practices.

**ANSWER:** Paragraph 138 contains legal conclusions, and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 138.

139. Securly failed to comply with established regulations designed to protect children's privacy, prioritizing its own commercial interests over the privacy and safety of minors such as these Plaintiffs and the other Class Members.

**ANSWER:** Paragraph 139 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly denies all remaining allegations in Paragraph 139.

140. Defendant has violated the Children's Online Privacy Protection Act ("COPPA") by failing to obtain verifiable parental consent before collecting personal information from children under the age of 13.

**ANSWER:** Paragraph 140 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 140.

141. While COPPA allows schools to provide limited consent on behalf of parents, Defendant exceeded the scope of that consent by collecting and sharing children's personal data for commercial purposes, including marketing, targeted advertising, and product promotions.

**ANSWER:** Paragraph 141 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 141.

142. The personal information collected included not only web browsing history and video viewing habits, but also sensitive geolocation data, which was used without proper consent for purposes unrelated to education.

**ANSWER:** Securly admits that it offers screening, security, and classroom-monitoring products designed for use by its school customers, which must certify that they have internet safety policies that include technology protection measures to maintain a safe environment and protect students, and that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies all remaining allegations in Paragraph 142.

143. Defendant's collection practices went far beyond the educational needs of the schools, violating COPPA's strict requirements that operators of websites or online services directed at children must provide clear notice to parents and obtain their verifiable consent before collecting, using, or disclosing children's personal information.

**ANSWER:** Paragraph 143 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 143.

144. By collecting data for commercial use, Defendant violated COPPA's core prohibition against using children's personal information for any purpose other than what is necessary to provide the educational service.

**ANSWER:** Paragraph 144 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 144.

145. Defendant's actions have deprived parents of the ability to protect their children's privacy, as required by law.

**ANSWER:** Paragraph 145 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 145.

146. Securly's conduct violates COPPA, and by extension, constitutes a violation of California's consumer protection laws, including the Unfair Competition Law (UCL).

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 146.

***California Unfair Competition Law (UCL) Violations***

147. Defendant's practices constitute unlawful, unfair, and fraudulent business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

148. Defendant unlawfully collected and used children's personal information without obtaining verifiable parental consent, in direct violation of COPPA and California privacy laws.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

149. Furthermore, Defendant's use of children's data for commercial purposes, such as marketing and targeted advertising, constitutes an unfair business practice because it violates established public policies that protect the privacy of minors.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

150. The harm caused by Defendant's unauthorized use of children's data far outweighs any benefit to its business operations.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

151. Defendant's fraudulent business practices include its failure to disclose the full extent of its data collection and sharing practices to parents and schools.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

152. By marketing its services as tools for student safety and privacy protection, Defendant misled parents and schools into believing that the data collected was solely for educational purposes.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

153. In reality, Defendant used the data for profit, including sharing it with third parties for commercial purposes. These deceptive practices deprived parents and children of the opportunity to make informed decisions about their privacy.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

154. Under California's Unfair Competition Law, Defendant is subject to civil penalties of up to $2,500 for each violation.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

155. Each instance in which Defendant collected a child's personal information without verifiable parental consent constitutes a separate violation, and the widespread nature of Defendant's practices could result in substantial financial penalties.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

156. Plaintiffs seek restitution for all monies unlawfully obtained by Defendant through its unfair business practices, including the revenue generated from the unauthorized use of children's data.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

157. In addition to civil penalties, Plaintiffs seek injunctive relief prohibiting Defendant from further collecting, using, or sharing children's personal information without obtaining verifiable parental consent.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) , and, therefore, no response is required.

158. Defendant must also be required to delete all personal data collected from children in violation of COPPA and California privacy laws.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

159. Plaintiffs further seek punitive damages under California law, given the willful and egregious nature of Defendant's actions, which demonstrated a reckless disregard for the privacy rights of minors.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

160. Punitive damages are warranted to deter Defendant from continuing its unlawful practices and to ensure accountability for its actions.

**ANSWER:** The allegations in this Paragraph relate to a claim under Cal. Bus. & Prof. Code § 17200, *et seq.* that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions, and, therefore, no response is required.

***Intrusion Upon Seclusion***

161. Defendant's surreptitious collection of children's personal data constitutes an actionable intrusion upon seclusion.

**ANSWER:** Paragraph 161 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 161.

162. Defendant intentionally intruded upon the private online activities of minors by monitoring their web browsing habits, video viewing history, and geolocation data without their knowledge or consent.

**ANSWER:** Paragraph 162 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 162.

163. This intrusion was highly offensive to any reasonable person, particularly given that the individuals affected were children.

**ANSWER:** Paragraph 163 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 163.

164. Children have a heightened expectation of privacy, and Defendant's secretive data collection practices violated their fundamental right to control their personal information.

**ANSWER:** Paragraph 164 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 164.

165. California law explicitly protects the right to privacy, particularly for children, under Article I, § 1 of the California Constitution.

**ANSWER:** Paragraph 165 contains Plaintiffs' characterization of Article I, § 1 of the California Constitution, to which no response is required. To the extent a response is deemed required, Securly notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.

166. Defendant's unauthorized data collection violated this constitutional right by secretly monitoring children's online activities for commercial gain.

**ANSWER:** Paragraph 166 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 166.

167. The reasonable expectation of privacy held by children and their parents was completely disregarded by Defendant, whose actions were designed to exploit the personal data of minors for profit.

**ANSWER:** Paragraph 167 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 167.

168. This intrusion into the private lives of children is especially egregious given the sensitive nature of the data collected, including browsing history and geolocation information, which can reveal intimate details about a child's personal life.

**ANSWER:** Paragraph 168 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly otherwise denies the allegations in Paragraph 168.

***Federal Law Compliance and Overreach***

169. While federal laws such as the Children's Internet Protection Act (CIPA) and the Family Educational Rights and Privacy Act (FERPA) require schools to monitor and protect students online, Defendant's actions far exceeded the scope of what is required under these laws.

**ANSWER:** Paragraph 169 contains Plaintiffs' characterizations of CIPA and FERPA and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly notes that such sources speak for themselves and denies all other allegations in Paragraph 169.

170. CIPA mandates the filtering of harmful content and monitoring for educational purposes, but it does not authorize the collection of vast amounts of personal data from children for commercial use.

**ANSWER:** Paragraph 170 contains Plaintiffs' characterization of CIPA, to which no response is required. To the extent a response is deemed required, Securly notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.

171. Defendant's practice of collecting and sharing data for marketing purposes goes beyond the safety and educational objectives outlined by CIPA and FERPA, constituting a violation of both federal and state privacy protections.

**ANSWER:** Paragraph 171 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 171.

172. The FERPA "school official" exception, which allows schools to authorize data collection for educational purposes, does not extend to the commercial use of students' personal information.

**ANSWER:** Paragraph 172 contains Plaintiffs' characterization of FERPA, to which no response is required. To the extent a response is deemed required, Securly admits that FERPA contains a "school official" exception. Securly otherwise notes that the statute speaks for itself and denies any characterization or description that is inconsistent therewith.

173. Defendant's actions in using children's data for purposes unrelated to their education, such as targeted advertising and marketing, violated the limitations of FERPA and exceeded the scope of any consent that could be provided by schools on behalf of parents.

**ANSWER:** Paragraph 173 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 173.

174. Defendant's actions unlawfully converted the educational purpose of data collection into a for-profit venture, in clear violation of the legal protections afforded to students and their families.

**ANSWER:** Paragraph 174 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 174.

## CLASS ACTION ALLEGATIONS

175. Each Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Classes. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

**ANSWER:** Securly admits that Plaintiffs purport to bring this action as a class action, but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief.

176. Each Plaintiff proposes the following Classes consisting of and defined as follows:

**A. The Confidential Communication Class for Violation of Penal Code §631, consisting of;**

All persons in California whose communications were intercepted and recorded by Defendant, and or its agents.

**B. The Electronic Tracking Device Class for Violation of Cal. Pen. Code § 637.7, consisting of;**

All persons in California whose devices had tracking devices attached by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

**C. The California Computer Data Access and Fraud Act Class for Violation of Cal. Pen. Code §502, consisting of;**

All persons in California whose devices accessed without permission by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

**ANSWER:** To the extent the allegations in this Paragraph relate to claims that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), no response is required. As to the remaining claim, Securly admits that Plaintiffs purport to bring this action as a class action, but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief.

177. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiffs reserve the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

**ANSWER:** Paragraph 177 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that Plaintiffs purport to bring this action as a class action, but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief. Securly denies that Plaintiffs may reserve any rights to amend their Complaint other than as permitted by the Federal Rules of Civil Procedure.

178. **<u>Numerosity</u>:** The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to either Plaintiff at this time; however, given that, on information and belief, Defendant accessed thousands of unique mobile computing devices, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**ANSWER:** Paragraph 178 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that its products collect data regarding students' web usage on school-owned devices consistent with its school contracts and state and federal law. Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 178.

179. **Commonality:** There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period, Defendant intercepted any confidential communications with Class Members;
- Whether, the intercepted communications concerned confidential communications Class Members;
- Whether, within the statutory period, Defendant transmitted any confidential communications of Class Members to a third party;
- Whether Defendant had, and continues to have, a policy during the relevant period of intercepting digital communications of Class Members;
- Whether Defendant's policy or practice of intercepting Class Members digital communications constitutes a violation of Cal. Penal Code § 631;
- Whether Defendant's policy or practice of utilizing electronic tracking devices with respect to Class Members digital communications constitutes a violation of Cal. Penal Code § 637.7;
- Whether Defendant had, and continues to have, a policy during the relevant period of knowingly accessing the computers of Class Members; Whether Defendant's policy or practice of accessing computers with respect to Class Members constitutes a violation of Cal. Penal Code §502.

**ANSWER:** The allegations in this Paragraph relate to claims that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and contain legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 179.

180. **Typicality:** Each Plaintiff's wire and cellular telephone communications were intercepted, unlawfully tapped and recorded without consent or a warning of such interception and recording, and thus, each Plaintiff's injuries are also typical to Class Members.

**ANSWER:** Paragraph 180 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies all remaining allegations in Paragraph 180.

181. Plaintiffs and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally intercepted, tapped, recorded, and stored each Plaintiff's and Class Members' digital communications, geolocations,

and other sensitive personal data from their mobile computing devices with others, and Defendant invaded the privacy of each Plaintiff and Class. Each Plaintiff and Class Members were damaged thereby.

**ANSWER:** Paragraph 181 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 181.

182. **Adequacy:** Each Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom these Plaintiffs are similarly situated, as demonstrated herein. Each Plaintiff acknowledges that that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. The proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Penal Code §§ 502, 631 and 637.7. Each Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

**ANSWER:** Paragraph 182 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to costs and attorneys' fees or Plaintiffs' attorneys' knowledge or experience, and on that basis denies them. Securly denies any remaining allegations in Paragraph 182.

183. **Predominance:** Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by the Plaintiffs and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

**ANSWER:** Paragraph 183 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff

Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 183.

184. **Superiority:** A class action is a superior method for the fair and efficient adjudication of this controversy because:

a. Class-wide damages are essential to induce Defendant to comply with California and Federal law.

b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

**ANSWER:** Paragraph 184 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 184.

185. Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because individual Class Members have no way of discovering

that Defendant intercepted, recorded, and disclosed the Class Member's digital communications and video viewing habits without Class Members' knowledge or consent.

**ANSWER:** Paragraph 185 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 185.

186. The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;
- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**ANSWER:** Paragraph 186 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly admits that Plaintiffs purport to bring this action as a class action, but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief. Securly denies any remaining allegations in Paragraph 186.

187. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**ANSWER:** To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly admits that Plaintiffs seek damages and injunctive relief, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

188. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

**ANSWER:** Paragraph 188 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies that this action can be properly maintained as a class action, whether on behalf of the purported classes or otherwise. Securly denies any remaining allegations in Paragraph 188.

**FIRST CAUSE OF ACTION**

**UNLAWFUL WIRETAPPING AND INTERCEPTION OF ELECTRONIC COMMUNICATION CALIFORNIA PENAL CODE § 631**

189. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

190. At all relevant times to this complaint, Defendant intercepted and recorded components of each Plaintiffs and the putative class's private communications and transmissions when these Plaintiffs and other Class Members accessed Defendant's software via their mobile computing devices within the State of California.

**ANSWER:** Paragraph 190 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents,

the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 190.

191. At all relevant times to this complaint, the Plaintiffs and the other Class Members did not know Defendant was engaging in such interception and recording and therefore could not provide consent to have any part of their private and confidential communications intercepted and recorded by Defendant and thereafter transmitted and/or disclosed to others.

**ANSWER:** Paragraph 191 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiffs' knowledge, and on that basis denies them. Securly denies all remaining allegations in Paragraph 191.

192. Each Plaintiff was completely unaware that Defendant had intercepted and stored Plaintiffs geolocation and other personal data and communications on that Plaintiffs mobile computing device until well after the fact and was therefore unable to consent.

**ANSWER:** Paragraph 192 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiffs' awareness, and on that basis denies them. Securly denies all remaining allegations in Paragraph 192.

193. At the inception of Defendant's surveillance conduct, it illegally intercepted and stored each Plaintiffs geolocation and other personal data, Defendant never advised either Plaintiff

or the other Class Members that any part of this sensitive personal data would be intercepted, recorded, and transmitted to third parties.

**ANSWER:** Paragraph 193 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 193.

194. Each Plaintiff was completely unaware that components of Plaintiffs private use of Plaintiffs mobile computing device were in part being recorded and stored and thereafter transmitted to third parties.

**ANSWER:** Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph as to Plaintiffs' awareness, and on that basis denies them. Securly denies all remaining allegations in Paragraph 194.

195. To establish liability under section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> **Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,**
>
> ***Or***
>
> **Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,**
>
> ***Or***
>
> **Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.**
>
> (bold added).

**ANSWER:** Paragraph 195 contains Plaintiffs' quotations to and characterization of Cal. Penal Code section 631(a) and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly notes that the statute speaks for itself and denies any characterization or description that is inconsistent therewith.

196. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. See *Matera v. Google Inc.,* 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to

effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.,* 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation,* --- F.3d --- 2020 WL 1807978 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

**ANSWER:** Paragraph 196 contains Plaintiffs' characterization of Cal. Penal Code section 631(a) and case law, and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

197. Defendant's Securly software is a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct at issue here.

**ANSWER:** Paragraph 197 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 197.

198. At all relevant times, by using Defendant's software as well as tracking each Plaintiffs and Class Member's geolocation, Defendant intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and class members on the one hand, and the specific sites and locations Plaintiffs and Class Members visited on the other.

**ANSWER:** The allegations in this Paragraph relate to a theory of stand and a claim under clause one of California Penal Code § 631 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44) and include legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 198.

199. At all relevant times, by using Defendant's geolocation tracking software technology, Defendant willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of each Plaintiff and putative class members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

**ANSWER:** Paragraph 199 contains legal conclusions to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies all remaining allegations in Paragraph 199.

200. The Plaintiffs and Class Members did not consent to any of Defendant's actions in implementing these wiretaps within its geolocation tracking software. Nor have the Plaintiffs or Class Members consented to Defendants' intentional access, interception, reading, learning,

recording, and collection of Plaintiff and Class Members' electronic communications in violation of the second, third, and fourth prongs of Cal. Pen. Code §631 (acquire confidential communications, use those communications, and/or otherwise aid and abet a violation of §631).

**ANSWER:** The allegations in this Paragraph relate to a theory of standing and to a claim under clause one of California Penal Code § 631 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 200.

201. The Plaintiffs and Class Members' devices of which Defendant accessed through its unauthorized actions included their Chromebook®-type computers, iPads, tablets and/or other mobile computing devices which utilized Defendant's Securly software.

**ANSWER:** Paragraph 201 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly admits that Plaintiffs bring allegations related to their use of school-issued and school-owned devices, but denies any remaining allegations in Paragraph 201.

202. Defendant violated the second, third, and fourth prongs of Cal. Penal Code § 631 by knowingly accessing and without permission accessing Plaintiffs' and Class members' devices to obtain their personal information, including their device and location data and personal communications with others, and for Defendant to share that data with third parties, in violation of Plaintiffs and Class Members' reasonable expectations of privacy in their devices and data and or aided and abetted others to do the same.

**ANSWER:** Paragraph 202 contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 202.

203. Defendant violated Cal. Penal Code § 631 by knowingly and without permission intercepting, wiretapping, accessing, taking, and using Plaintiffs' and the Class Members' personally identifiable information and personal communications with others.

**ANSWER:** The allegations in this Paragraph relate to a theory of standing and to a claim under clause one of California Penal Code § 631 that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the allegations in Paragraph 203.

204. The violation of section 631(a) constitutes an invasion of privacy sufficient to confer Article III standing in that each Plaintiff and each class member has suffered a concrete harm by having their privacy invaded by Defendant.

**ANSWER:** Paragraph 204 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 204.

205. Each Plaintiff and Class Members seek all relief available under Cal. Penal Code § 631, including $2,500 per violation.

**ANSWER:** Paragraph 205 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly admits that Plaintiffs seek damages under California Penal Code § 631, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

## SECOND CAUSE OF ACTION

## UNLAWFUL USE OF ELECTRONIC TRACKING DEVICE

## CALIFORNIA PENAL CODE § 637.7

206. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

207. At all relevant times hereto, Defendant had and followed a policy and practice of using software systems that enabled it to surreptitiously intercept and record each Plaintiffs geolocation data.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

208. At all relevant times hereto, the Plaintiffs and the Class Member's geolocation data was inherently private in nature, and they did not consent to sharing that private information with Defendant.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

209. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning the Plaintiffs and Class Members that their geolocation information would be intercepted and recorded to be later provided to third parties.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

210. Defendant failed to obtain consent of the Plaintiffs and Class Members prior to intercepting and recording any of their geolocation data while carrying the mobile computing devices issued to them that contained the Defendant's Securly software.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

211. This conduct by Defendant violated section 637.7 of the California Penal Code.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

212. The Plaintiffs and Class Members are entitled to recovery of statutory punitive damages in the amount of $5,000 per violation of Cal. Pen. Code § 637.2.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

213. Plaintiffs' counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc.§ 1021.5.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

**CAL. PENAL CODE § 502**

214. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

215. The California legislature enacted the CDAFA with the intent of "expand[ing] the degree of protection afforded to individuals ... from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Cal. Penal Code § 502(a). The enactment of CDAFA was motivated by the finding that "the proliferation of computer technology has resulted in a concomitant proliferation of ... unauthorized access to computers, computer systems, and computer data." *Id.*

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

216. Plaintiffs and Class members' mobile computing devices and personal computers containing Defendant's Securly software constitute "computers" within the scope of the CDAFA.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

217. Defendant violated the following sections of the CDAFA:

> A. Section 502(c)(1), which makes it unlawful to "knowingly access[] and without permission . . . use[] any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data;"
>
> B. Section 502(c)(2), which makes it unlawful to "knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network;"
>
> Section 502(c)(7), which makes it unlawful to "knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network."

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

218. Defendant knowingly accessed Plaintiffs and Class members' computers without their permission by including within the Securly software described herein, which intercepts and transmits data, communications, and personal information concerning Plaintiff and Class members.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

219. Defendant used data, communications, and personal information that it intercepted and took from Plaintiffs and Class members' computers to wrongfully and unjustly enrich itself at the expense of Plaintiff and Class members.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

220. Defendant took, copied, intercepted, and made use of data, communications, and personal information from Plaintiffs and Class members' computers.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

221. Defendant knowingly and without Plaintiffs and Class members' permission accessed or caused to be accessed their computers, by installing its Securly software without Plaintiffs and Class members' informed consent, a software that intercepts and/or takes data, communications, and personal information concerning Plaintiff and Class members.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

222. Plaintiff and Class members are residents of California and used their computers in California at all relevant times in which Defendant made such unauthorized access.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

223. Defendant accessed or caused to be accessed Plaintiffs and Class members' data, communications, and personal information from California.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

224. Defendant uses data servers that are in part located in California and allow Defendant to access and process the data, communications and personal information concerning Plaintiff and Class members.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

225. Defendant was unjustly enriched by intercepting, acquiring, taking, or using Plaintiffs and Class members' data, communications, and personal information without their

permission, and using it for Defendant's own financial benefit. Defendant has been unjustly enriched in an amount to be determined at trial.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

226. As a direct and proximate result of Defendant's violations of the CDAFA, Plaintiff and Class members suffered damages.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

227. Pursuant to CDAFA Section 502(e)(l), Plaintiff and Class members seek compensatory, injunctive and equitable relief in an amount to be determined at trial.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

228. Pursuant to CDAFA Section 502(e)(2), Plaintiff and Class members seek an award of reasonable attorneys' fees and costs.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

229. Pursuant to CDAFA Section 502(e)(4), Plaintiff and Class members seek punitive or exemplary damages for Defendant's willful violations of the CDAFA.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

**FOURTH CAUSE OF ACTION**

**USE OF A PEN REGISTER OR TRAP AND TRACE DEVICE**

**CAL. PENAL CODE § 638.51**

230. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

231. California Penal Code Section 638.50(b) defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication 1s transmitted, but not the contents of a communication."

**ANSWER:** Paragraph 231 contains Plaintiffs' quotations to Cal. Penal Code section 638.50(b), to which no response is required. To the extent a response is deemed required, Securly respectfully refers the Court to the quoted source for its full, complete, and accurate contents.

232. California Penal Code Section 638.51 prohibits any person from using a pen register without a court order.

**ANSWER:** Paragraph 232 contains Plaintiffs' characterization of Cal. Penal Code section 638.51, to which no response is required. To the extent a response is deemed required, Securly respectfully refers the Court to the quoted source for its full, complete, and accurate contents.

233. Defendant's software installed on Plaintiffs' and other Class Members' school-issued devices constitutes a "pen register" because it is a device or process that records addressing or signaling information-Plaintiff's and Class members' location data and other sensitive personal information-from the electronic communications transmitted by their computers.

**ANSWER:** Paragraph 233 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 233.

234. Defendant was not authorized by any court order to use a pen register to track Plaintiff's and Class members' location data and personal information.

**ANSWER:** Paragraph 234 contains legal conclusions to which no response is required. Securly admits that it has not received a court order to use a pen register. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly denies any remaining allegations in Paragraph 234.

235. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members suffered losses and were damaged in an amount to be determined at trial.

**ANSWER:** Paragraph 235 contains Plaintiffs' legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 235.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

**18 U.S.C. § 1030**

236. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

237. Plaintiffs allege that Defendant Securly, Inc. violated the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing Plaintiffs' and Class Members' school-issued devices without authorization, or by exceeding authorized access, to obtain information from protected computers used in interstate or foreign commerce.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

238. Plaintiffs' school-issued devices qualify as "protected computers" under the CFAA, as they are connected to the internet and used in interstate communications.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

239. Plaintiffs further allege that Defendant intentionally accessed Plaintiffs' and Class Members' protected computers to obtain private and sensitive information, including but not limited to geolocation data, search histories, keystrokes, communications, and video viewing activities, without authorization or consent, in violation of 18 U.S.C. § 1030(a)(2).

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

240. As a direct and proximate result of Defendant's unauthorized access, Plaintiffs and Class Members suffered loss and damage, including the invasion of their privacy and the unauthorized use of their personal information. Plaintiffs allege that Defendant's violations of the CFAA entitle them to recover compensatory damages and injunctive relief under 18 U.S.C. § 1030(g).

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

241. The statute provides that any person suffering damage or loss due to a violation may maintain a civil action to obtain compensatory damages, injunctive relief, or other equitable relief.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

242. Plaintiffs allege that Defendant's actions caused "loss" as defined by 18 U.S.C. § 1030(e)(11), which includes the impairment of the integrity and availability of data, programs, and systems on Plaintiffs' and Class Members' protected computers.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

243. As a result of Defendant's conduct, Plaintiffs are entitled to recover damages in an amount to be proven at trial, including statutory damages for any damage or loss caused by Defendant's unauthorized access.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE STORED COMMUNICATIONS ACT**

**18 U.S.C. § 2701**

244. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

245. Plaintiffs also allege that Defendant Securly, Inc. violated the Stored Communications Act (SCA), 18 U.S.C. § 270l(a), by intentionally accessing Plaintiffs' and Class Members' electronic communications stored on school- issued devices without authorization.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

246. Defendant accessed and obtained stored electronic communications, including search history, messages, and other data, without proper consent.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

247. Plaintiffs further allege that Defendant exceeded any authorized access by using its surveillance software to access and disclose Plaintiffs' and Class Members' stored electronic communications for commercial gain, in violation of 18 U.S.C. § 270l(a)(l) and (a)(2).

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

248. As a result of Defendant's violations of the Stored Communications Act, Plaintiffs and Class Members are entitled to statutory damages of no less than $1,000 per violation under 18 U.S.C. § 2707(c).

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

249. Additionally, Plaintiffs are entitled to recover punitive damages under the SCA if it is established that Defendant acted with willful or intentional disregard for the privacy rights of Plaintiffs and Class Members.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

250. Plaintiffs seek compensatory damages, statutory damages, punitive damages (as applicable), and injunctive relief for Defendant's violations of both the CFAA and the SCA, along with reasonable attorneys' fees and costs as provided under 18 U.S.C. §§ 1030(g) and 2707(b), respectively.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE FEDERAL WIRETAP ACT**

**18 U.S.C. § 2511**

251. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

252. Plaintiffs allege that Defendant Securly, Inc. violated the Federal Wiretap Act, 18 U.S.C. § 2511, by intentionally intercepting the electronic communications of Plaintiffs and Class Members while they were using school-issued devices.

**ANSWER:** Paragraph 252 contains Plaintiffs' legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-

in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, Securly denies the allegations in Paragraph 252.

253. These communications included private messages, search histories, and other digital communications that were intercepted in real-time.

**ANSWER:** Paragraph 253 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that its products collect data regarding students' web usage on school-owned devices and that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the allegations in Paragraph 253.

254. Plaintiffs further allege that Defendant's interception of these communications occurred without the consent of the Plaintiffs or Class Members, as required under 18 U.S.C. § 2511(1)(a).

**ANSWER:** Paragraph 254 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the remaining allegations in Paragraph 254.

255. Defendant's actions were taken without proper legal authorization or consent, constituting a violation of the Federal Wiretap Act.

**ANSWER:** Paragraph 255 contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the remaining allegations in Paragraph 255.

256. The communications intercepted by Defendant included highly sensitive personal information, including but not limited to, search queries, messages, and browsing activity conducted on school-issued devices.

**ANSWER:** Paragraph 256 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that its products collect data regarding students' web usage on school-owned devices and that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly otherwise denies the allegations in Paragraph 256.

257. Defendant's actions in intercepting these communications were done for the purpose of using the data for commercial gain, including targeting Plaintiffs and Class Members for marketing or other purposes.

**ANSWER:** Paragraph 257 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly otherwise denies the allegations in Paragraph 257.

258. As a result of Defendant's violations of the Federal Wiretap Act, Plaintiffs and Class Members are entitled to statutory damages of $100 per day for each day of violation or $10,000 per violation, whichever is greater, as provided by 18 U.S.C. § 2520(c)(2).

**ANSWER:** Paragraph 258 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly admits that Plaintiffs seek statutory damages pursuant to the Federal Wiretap Act, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

259. Plaintiffs are further entitled to punitive damages under 18 U.S.C. § 2520(b)(2) due to the willful and intentional nature of Defendant's conduct in intercepting Plaintiffs' and Class Members' communications without authorization.

**ANSWER:** Paragraph 259 contains legal conclusions to which no response is required. To the extent the allegations in this Paragraph relate to a theory of standing for Plaintiff Parents, the Court dismissed this theory and ruled that Plaintiff Parents have not suffered an injury-in-fact

and do not have Article III standing in its minute order on July 1, 2025 (Dkt. 44). Securly admits that Plaintiffs seek punitive damages pursuant to the Federal Wiretap Act, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

260. Additionally, Plaintiffs seek injunctive relief to prevent further violations, along with the recovery of reasonable attorneys' fees and costs as provided under 18 U.S.C. § 2520(b)(3).

**ANSWER:** Securly admits that Plaintiffs seek injunctive relief and their attorneys' fees and costs pursuant to the Federal Wiretap Act, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

261. Plaintiffs seek compensatory damages, statutory damages, punitive damages (where applicable), and injunctive relief for Defendant's violations of the Federal Wiretap Act, along with reasonable attorneys' fees and costs as provided by the statute.

**ANSWER:** Securly admits that Plaintiffs seek damages, injunctive relief, and their attorneys' fees and costs pursuant to the Federal Wiretap Act, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**

**CAL. BUS. & PROF. CODE § 17200, ET SEQ.**

262. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

263. Defendant Securly's conduct violates the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, et seq., which prohibits any unlawful, unfair, or fraudulent business act or practice.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

264. **Unlawful Business Practices:** Securly's unauthorized collection of personal information from children under 13, without verifiable parental consent, violates the Children's Online Privacy Protection Act (COPPA), 15 U.S.C. § 6502.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

265. A violation of COPPA constitutes an unlawful act under the UCL because COPPA violations are treated as violations of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive practices.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

266. Additionally, Securly violated California's Consumer Privacy Laws, including the California Consumer Privacy Act (CCPA), Cal. Civ. Code § 1798.100, et seq., by failing to provide sufficient notice regarding its collection practices and failing to obtain parental consent before collecting and processing minors' personal data.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

267. Each of these violations constitutes an unlawful business practice under the UCL.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

268. **Unfair Business Practices:** Securly's business practices are unfair because they violate established public policy, including children's privacy protections under COPPA and California law.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

269. Securly unfairly profited by collecting, using, and sharing children's personal information for commercial gain without their parents' knowledge or consent.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

270. These practices harm vulnerable children and their families, exploiting minors for financial benefit in a manner that offends public policy and societal norms regarding children's privacy.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

271. The harm suffered by parents and children far outweighs any purported benefits to Securly's business operations.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

272. The lack of transparency and the surreptitious nature of Securly's data collection practices are particularly egregious, as children and their parents were unaware that personal data-including geolocation, browsing history, and persistent identifiers-were being used to track behavior for targeted advertising and other commercial purposes.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

273. **Fraudulent Business Practices:** Securly engaged in fraudulent business practices by actively concealing its true data collection practices from parents, schools, and children.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

274. While presenting itself as a service designed to protect students and provide safe browsing environments, Securly failed to disclose the extent of its tracking, collection, and sharing of children's personal information.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

275. This misleading conduct deceived parents and schools into believing that Securly's services were solely for educational safety, when, in fact, Securly was secretly profiting from the exploitation of minors' personal data.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

276. **Statutory Remedies:** Under the UCL, Securly is subject to the following statutory remedies:

- **Restitution:** Securly must return all monies acquired through its unlawful business practices. Restitution is available to plaintiffs and class members who have suffered financial harm as a result of Securly's unauthorized data collection and use.

- **Civil Penalties:** Securly is subject to civil penalties of up to $2,500 for each violation under Cal. Bus. & Prof. Code § 1 7206(a). Each instance of unlawful collection of a child's personal information without parental consent constitutes a separate violation. Given the widespread nature of Securly's practices, these penalties could amount to significant financial liability.

- **Injunctive Relief:** Plaintiffs seek an injunction pursuant to Cal. Bus. & Prof. Code § 17203, prohibiting Securly from further violations of COPPA and California's privacy laws, and requiring Securly to delete all unlawfully collected data, implement privacy safeguards, and ensure future compliance with both federal and state privacy protections for children.

**ANSWER:** The allegations in this Paragraph relate to a claim that the Court dismissed without leave to amend in its minute order on July 1, 2025 (Dkt. 44), and, therefore, no response is required.

**NINTH CAUSE OF ACTION**

**INTRUSION UPON SECLUSION**

277. Each Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

**ANSWER:** Securly restates and incorporates its answer to each allegation set forth in the preceding paragraphs of the Complaint.

278. Defendant Securly's surreptitious collection of personal data from children without their knowledge or consent constitutes an actionable intrusion upon seclusion under California common law and is bolstered by the explicit privacy protections found in the California Constitution.

**ANSWER:** Paragraph 278 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the remaining allegations in Paragraph 278.

279. To state a claim for intrusion upon seclusion, a plaintiff must show: (1) an intentional intrusion into a private place, conversation, or matter; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff had a reasonable expectation of privacy in the matter.

**ANSWER:** Paragraph 279 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 279.

280. **Intentional Intrusion:** Securly intentionally intruded upon the private digital lives of minors by installing its monitoring software on school-issued devices.

**ANSWER:** Paragraph 280 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 280.

281. Securly tracked and recorded children's internet activity, including their search history, browsing habits, geolocation, and video-watching patterns, all without the knowledge or consent of either the children or their parents. Securly's intent was clear: to covertly collect vast amounts of personal data for commercial exploitation.

**ANSWER:** Paragraph 281 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. As to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise

requires its school customers to provide consent on behalf of parents, which it relies upon. Securly further admits that it uses geolocation information, applicable to school-owned devices, to determine the location of school-owned devices. Securly denies the remaining allegations in Paragraph 281.

282. **Highly Offensive to a Reasonable Person:** The intrusion would be highly offensive to any reasonable person, especially given the young age of the affected individuals.

**ANSWER:** Paragraph 282 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 282.

283. Children under the age of 13, such as these Plaintiffs, are particularly vulnerable and protected by both societal norms and legal standards, such as COPPA and the California Constitution.

**ANSWER:** Paragraph 283 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly admits that COPPA provisions apply to the collection of personal information from children under the age of 13 and denies the remaining allegations in Paragraph 283.

284. The collection of their private data, without their parents' informed consent, would shock the conscience of an average member of the public.

**ANSWER:** Paragraph 284 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 284.

285. Furthermore, Securly's misuse of this information for commercial gain, including sharing it with third parties for targeted advertising purposes, exacerbates the offensiveness of the intrusion.

**ANSWER:** Paragraph 285 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 285.

286. **Reasonable Expectation of Privacy:** Children and their parents have a reasonable expectation of privacy, particularly in the context of internet browsing on school-issued devices.

**ANSWER:** Paragraph 286 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 286.

287. The California Constitution, Article I, § 1, explicitly protects the right to privacy, stating: "All people are by nature free and independent and have inalienable rights. Among these

are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

**ANSWER:** Paragraph 287 contains Plaintiffs' characterization of the California Constitution and their claims, to which no response is required. To the extent a response is deemed required, Securly respectfully refers the Court to the California Constitution for its full, complete, and accurate contents.

288. The California Constitution enshrines the right to privacy as a fundamental right, and courts have consistently recognized that the right to privacy extends to digital activities.

**ANSWER:** Paragraph 288 contains Plaintiffs' characterization of the California Constitution, to which no response is required. To the extent a response is deemed required, Securly respectfully refers the Court to the California Constitution for its full, complete, and accurate contents. Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding what "courts have consistently recognized," and on that basis denies them.

289. In *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 36 (1994), the California Supreme Court held that the right to privacy protects individuals from "invasions of their privacy interests."

**ANSWER:** Paragraph 289 contains Plaintiffs' characterization of a third-party action to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

290. This constitutional right to privacy is especially strong in the case of children, who lack the capacity to fully understand the implications of their personal data being collected.

**ANSWER:** Paragraph 290 contains legal conclusions, to which no response is required.

291. Securly's failure to notify parents or obtain verifiable consent before tracking children's online activities violated this reasonable expectation of privacy.

**ANSWER:** Paragraph 291 contains legal conclusions, to which no response is required. To the extent a response is deemed required, as to the allegations related to Plaintiffs' consent, Securly admits that it collects Student Information while acting as a school official and otherwise requires its school customers to provide consent on behalf of parents, which it relies upon. Securly denies the remaining allegations in Paragraph 291.

292. Parents trusted that school-issued devices were being used for educational purposes, not for covert commercial surveillance.

**ANSWER:** Paragraph 292 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Securly lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding parents' trust in this Paragraph, and on that basis denies them. Securly denies the remaining allegations in Paragraph 292.

293. Securly's actions not only violated statutory privacy laws but also infringed upon the fundamental privacy rights guaranteed under the California Constitution.

**ANSWER:** Paragraph 293 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 293.

294. **Damages:** Plaintiffs seek compensatory damages for the invasion of their privacy, including emotional distress, anxiety, and the violation of their right to control their personal information.

**ANSWER:** Securly admits that Plaintiffs seek compensatory damages, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

295. Courts have discretion to award damages based on the severity of the invasion and the extent of the harm caused by Securly's actions.

**ANSWER:** Securly admits that courts can award damages, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

296. **Punitive Damages:** Given the intentional and egregious nature of Securly's conduct, Plaintiffs seek punitive damages to deter such conduct in the future. Punitive damages are warranted when a defendant's actions demonstrate "oppression, fraud, or malice" (Cal. Civ. Code § 3294(a)).

**ANSWER:** Securly admits that Plaintiffs seek punitive damages but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint. Paragraph 296 contains Plaintiffs' characterization of a California statute to which no response is required. To the extent a response is deemed required, Securly respectfully refers the Court to that statute for its full, complete, and accurate contents.

297. **Injunctive Relief:** Plaintiffs request that the court issue an injunction prohibiting Securly from engaging in further unlawful data collection and requiring the deletion of all unlawfully obtained data.

**ANSWER:** Securly admits that Plaintiffs seek injunctive relief, but denies that Plaintiffs or members of the putative classes are entitled to any relief requested in this Paragraph or elsewhere in the Complaint.

298. Securly's continuous and knowing violations of privacy laws, coupled with the invasion of children's fundamental privacy rights under the California Constitution, demand robust legal and equitable remedies to prevent future harm and ensure accountability.

**ANSWER:** Paragraph 298 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies the allegations in Paragraph 298.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class Members pray that judgment be entered against Defendant, and Plaintiffs and the Class be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as the Class Representatives for the Class; and
- Appoint Plaintiffs' Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiffs and the Class Members pray for further judgment as follows against Defendant:

### UNLAWFUL WIRETAPPING AND INTERCEPTION OF ELECTRONIC COMMUNICATIONS UNDER CALIFORNIA PENAL CODE § 631

- $2,500 to each Class Member pursuant to California Penal Code § 63 l(a) for each
- such unlawful interception of communications;
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc.§ 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 631;
- An award of costs to Plaintiffs; and
- Any other relief the Court may deem just and proper including interest.

### UNLAWFUL USE OF ELECTRONIC TRACKING DEVICE UNDER CALIFORNIA PENAL CODE § 637.7

- $5,000 to each Class Member pursuant to California Penal Code § 637.2(a) for
- each such unlawful tracking;
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc.§ 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiffs; and
- Any other relief the Court may deem just and proper including interest.

**VIOLATION OF THE CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

**CAL. PENAL CODE § 502**

- An award of compensatory, injunctive and equitable relief pursuant to CDAFA Section 502(e)(1), in an amount to be determined at trial;
- An award of punitive or exemplary damages for Defendant's willful violations of the CDAFA pursuant to CDAFA Section 502(e)(4);
- An award of reasonable attorneys' fees and costs to Plaintiffs pursuant to CDAFA Section 502(e)(2);
- Any other relief the Court may deem just and proper including interest.
- Such other preliminary and equitable relief as the court determines to be appropriate.

**USE OF A PEN REGISTER OR TRAP AND TRACE DEVICE**

**CAL. PENAL CODE § 638.51**

- An award of compensatory, injunctive and equitable relief pursuant to Cal. Penal Code 638.51, in an amount to be determined at trial;
- An award of reasonable attorneys' fees and costs to Plaintiffs;
- Any other relief the Court may deem just and proper including interest.
- Such other preliminary and equitable relief as the court determines to be appropriate.

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

**18 U.S.C. § 1030**

- An award of compensatory damages, injunctive relief, or other equitable relief;
- An award of statutory damages for any damage or loss caused by Defendant's unauthorized access, in an amount to be determined at trial;
- An award of reasonable attorneys' fees and costs to Plaintiffs;
- Any other relief the Court may deem just and proper including interest.
- Such other preliminary and equitable relief as the court determines to be appropriate.

**VIOLATION OF THE STORED COMMUNICATIONS ACT**

**18 U.S.C. § 2701**

- An award of statutory damages of no less than $1,000 per violation under 18 U.S.C. § 2707(c) for Plaintiffs and Class Members;
- An award of punitive damages under the SCA if it is established that Defendant acted with willful or intentional disregard for the privacy rights of Plaintiffs and Class Members;
- An award of compensatory damages, statutory damages, punitive damages (as applicable), and injunctive relief for Defendant's violations of both the CFAA and the SCA, along with reasonable attorneys' fees and costs as provided under 18 U.S.C. §§ 1030(g) and 2707(b), respectively, for Plaintiffs and Class Members.

**VIOLATION OF THE FEDERAL WIRETAP ACT**

**18 U.S.C. § 2520**

- An award of statutory damages of $100 per day for each day of violation or $10,000 per violation, whichever is greater, as provided by 18 U.S.C. § 2520(c)(2) for Plaintiffs and Class Members;
- An award of punitive damages under 18 U.S.C. § 2520(b)(2) due to the willful and intentional nature of Defendant's conduct in intercepting Plaintiffs' and Class Members' communications without authorization.
- Injunctive relief to prevent further violations by this Defendant, along with the recovery of reasonable attorneys' fees and costs as provided under 18 U.S.C. § 2520(b)(3).
- An award of compensatory damages, statutory damages, punitive damages (where applicable), and injunctive relief for Defendant's violations of the Federal Wiretap Act, along with reasonable attorneys' fees and costs as provided by the statute for Plaintiffs and Class Members.

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**

**CAL. BUS. & PROF. CODE § 17200, ET SEQ.**

- Declare that Defendant Securly's practices violate COPPA and the California Unfair Competition Law;
- Award statutory damages and restitution under the UCL for those COPPA violations;

**INTRUSION UPON SECLUSION**

**CALIFORNIA CONSTITUTION**

- Award damages for invasion of privacy, including for intrusion upon seclusion;
- Enter an injunction prohibiting Securly from further collecting, using, or sharing personal information from children without obtaining verifiable parental consent;
- Order Securly to delete all personal information collected from children in violation of COPPA;
- Award reasonable attorneys' fees and costs; and
- Grant such other and further relief as the Court deems just and proper.

**ANSWER:** The allegations in Plaintiffs' "Prayer for Relief" contain legal conclusions, to which no response is required. To the extent a response is deemed required, Securly denies that Plaintiffs or members of the putative classes are entitled to any of the relief requested in the Prayer for Relief or elsewhere in the Complaint and denies any remaining allegations therein.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs and Class Members are entitled to, and demand, a trial by Jury.

**ANSWER:** This Paragraph contains no factual assertions to which a response is required. To the extent a response is deemed required, Securly admits that Plaintiffs purport to demand a jury trial, but denies that Plaintiffs have stated any claims that are triable.

**GENERAL DENIAL**

Securly further denies each and every allegation contained in Plaintiffs' Complaint except as expressly admitted and qualified above. Where an allegation in the Complaint is directed at another party that is not affiliated with Securly, then, except as otherwise expressly stated, Securly denies the allegations set forth in the Complaint on the basis that it is without knowledge or information sufficient to form a belief concerning the truth of such allegations.

**AFFIRMATIVE DEFENSES**

Securly states the following affirmative defenses to Plaintiffs' Complaint. Securly has not completed its full investigation of the facts of this case, has not completed full discovery in this

matter, and has not completed its preparation for trial. The defenses asserted herein are based on Securly's knowledge, information, and belief at this time. By asserting the defenses herein, Securly has not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. By setting forth these affirmative defenses, Securly does not assume any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

Securly asserts the following separate and distinct affirmative defenses:

**First Affirmative Defense**

(Consent and Authorization by Schools)

Plaintiffs' claims are barred, in whole or in part, because Securly is acting with consent and authorization from schools, school districts, state and tribal agencies and governments and private providers of educations services (collectively "Schools"). Parents and other stakeholders elect, appoint, or retain Schools to manage and provide educational services, legislate on issues affecting education and student privacy, and to represent parents' and other stakeholders' interests. Securly has executed agreements with Schools that confer upon Securly the requisite authority to undertake the conduct at issue in this case. Schools had the right to consent on behalf of parents, students and stakeholders and did, in fact, consent on behalf of these parties to the conduct at issue in this case. Each of Plaintiffs' claims fails due to consent.

**Second Affirmative Defense**

(Consent and Authorization by Parents and Students)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and other putative class members have consented to the conduct at issue in this case. Plaintiffs have given consent explicitly via agreements, including through school handbooks, technology use agreements, and similar agreements. Plaintiffs have also impliedly consented to the conduct at issue in this case by continued use of school-owned devices using Securly products and/or continued attendance at

schools providing school-owned devices utilizing educational technology solutions despite notice of the possibility of such conduct via federal statute and regulation and the opportunity to access records that Securly must provide to parents on demand pursuant to their school customers' regulatory obligations. Plaintiffs have further provided consent via their agents, the Schools, who "serv[e] as the parents' agent" and upon whom Securly can reasonably rely upon to act with both actual and apparent authority as federal guidance dictates that Securly "can presume that the school's authorization is based on the school's having obtained the parent's consent." 64 Fed. Reg. 59888, 59903 (1999).

**Third Affirmative Defense**

(Compliance with Federal and State Law)

Plaintiffs' claims are barred, in whole or in part, by federal and state law. Under 20 U.S.C. § 1232 *et seq*., Securly may access Plaintiffs' data without parental consent under 34 C.F.R. § 99.31(a)(1)(i) while assisting Plaintiffs' schools with the implementation of internet safety measures that "monitor[ ] the online activities of minors" and block or filter student access to harmful and obscene materials. 47 U.S.C. § 254(h)(5)(B)(i). Likewise, under COPPA, Securly may collect student information after receiving school authorization because Securly may "presume that the school's authorization is based on the school having obtained the parent's consent," 64 Fed. Reg. 59888, 59903 (1999). Further, under Cal. Educ. Code § 49060 *et seq*., Securly may "access, store, and use pupil records," Cal. Educ. Code § 49073.1(a)(2), including to "improve [their] educational products," "customiz[e] pupil learning," "demonstrate the effectiveness of [their] products in the marketing of those products," and "develop and improve [their] educational sites, services, or applications." Cal. Educ. Code § 49073.1(d)(5)(B).

**Fourth Affirmative Defense**

(Waiver / Release / Estoppel)

Plaintiffs' claims are barred, in whole or in part, because of the doctrines of waiver, release, or estoppel. Upon information and belief, Plaintiffs have been aware, or been on constructive notice, of Securly products and how these products operate for a substantial amount of time prior

to filing suit. Having continued to utilize the benefits of Securly products and services, Plaintiffs have relinquished their right to bring suit and/or should be estopped from doing so.

**<u>Fifth Affirmative Defense</u>**

(Barred by Contract)

Plaintiffs' claims are barred, in whole or in part, by contracts and/or agreements between Securly and Schools, and between Schools and parents, students, and other stakeholders. Specifically, Securly has executed agreements with Schools, and Schools have executed agreements with parents, students, and other stakeholders that govern conduct at issue in this case, including through school handbooks, technology use agreements, and similar agreements. Plaintiffs' claims are barred, in whole or in part, by these agreements.

**<u>Sixth Affirmative Defense</u>**

(Government Contractor Defense)

Plaintiffs' claims are barred, in whole or in part, because Securly is a government contractor for certain services at issue here. Specifically, certain of Plaintiffs' claims are based on services that state and governmental entities, such as Schools, engaged Securly to provide. The relevant government entities defined the parameters and requirements for how Securly's tasks were to be performed, and Securly carried out its work in accordance with those directives.

**<u>Seventh Affirmative Defense</u>**

(Mistake)

Plaintiffs' claims are barred, in whole or in part, on the grounds that Securly reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. Securly's agreements with Schools state that Schools are authorized to consent and obtained all required consents, or that consent is not required for the services ordered. Plaintiffs cannot recover if Securly acted in mistaken but reasonable reliance on such representations.

**Eighth Affirmative Defense**

(Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, on the grounds that Plaintiffs would be unjustly enriched if allowed to recover the relief claimed to be due. Securly has not taken anything of value from Plaintiffs and has not caused Plaintiffs any harm. In fact, Securly engaged in the conduct at issue in this case pursuant to valid agreements with Schools for which it is entitled to contractually-negotiated compensation. Plaintiffs have benefitted from Securly products and services which protect students and provide schools and students with a safer school environment. It would be unjust to allow Plaintiffs to recover from Securly after receiving the benefit of Securly's services.

**Ninth Affirmative Defense**

(Unclean Hands / Inequitable Conduct)

Plaintiffs' claims are barred, in whole or in part, because of the doctrines of unclean hands and inequitable conduct. Upon information and belief, Plaintiffs have been aware, or on constructive notice, of Securly's products and how these products operate for a substantial amount of time prior to filing suit. Plaintiffs have received substantial benefit from Securly's products yet have filed suit against Securly without seeking any relief from the Schools.

**Tenth Affirmative Defense**

(Failure to Mitigate)

Plaintiffs' claims for damages are barred, in whole or in part, to the extent they failed to exercise reasonable care to mitigate any damages they may have suffered. Upon information and belief, Plaintiffs have been aware, or on constructive notice, of Securly products and how those products operate for a substantial amount of time prior to filing suit. Despite knowingly benefitting from Securly's products, Plaintiffs did not seek relief from the Schools regarding the use of Securly's products. Plaintiffs' failure to exercise reasonable care to learn of Securly's lawful actions or to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

**Eleventh Affirmative Defense**

(Statute of Limitations / Laches)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and laches. Specifically, Counts VII and IX are subject to a two-year statute of limitations and Counts I and Count IV are subject to a one-year statute of limitations. *See, e.g.*, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021); Cal. Civ. Proc. Code § 335.1; 18 U.S.C. § 2520(e). Upon information and belief, Plaintiffs have been aware, or on constructive notice, of Securly products and how those products operate for a substantial amount of time prior to filing suit and outside of the applicable statute of limitations. Accordingly, their claims are time-barred and any demand for equitable relief is barred by laches. *See, e.g.*, *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006).

**Twelfth Affirmative Defense**

(No Privacy Interest)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over any data Plaintiffs allege to have been impermissibly collected. Among other things, certain of the data at issue in the Complaint is not private or confidential, Plaintiffs disclaimed a reasonable expectation of privacy in the data, certain of the data at issue in the Complaint does not belong to Plaintiffs, and/or Plaintiffs did not maintain the data in a confidential manner, including by using school-owned and -provided (*i.e.*, public or monitored) devices to access or create the data.

**Thirteenth Affirmative Defense**

(No Intent)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot show that Securly had the requisite intent under CIPA, the Federal Wiretap Act, or California common law. Securly does not intercept or wiretap, and did not intend to intercept or wiretap, any report, data, or communication. Securly provides screening, security, and classroom-monitoring services that enable Schools to maintain a safe environment and protect students.

**Fourteenth Affirmative Defense**

(Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because they lack standing under Article III of the United States Constitution to assert or recover for their claims. In order to demonstrate standing, Plaintiffs must demonstrate an injury-in-fact, caused by the defendant, which can be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Like the Plaintiff Parents, who the Court has already held lack standing, Plaintiffs A.S. and N.M. have not and cannot demonstrate that any alleged data collection has caused a legally cognizable injury. Plaintiffs have also not demonstrated that Securly caused any harm allegedly suffered by Plaintiffs given that Securly was merely acting at the direction of the Schools which utilize Securly products and services.

**Fifteenth Affirmative Defense**

(No Injury)

Plaintiffs' claims are barred, in whole or in part, because, as the Court has already held with respect to the Plaintiff Parents, Plaintiffs A.S. and N.M. similarly have not sustained any legally cognizable injury, harm, and/or damages as a result of any actions allegedly taken or omissions allegedly made by Securly and all Plaintiffs are thus barred from asserting any claim against Securly.

**Sixteenth Affirmative Defense**

(Failure to State a Claim)

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted. All claims fail due to Plaintiffs' consent. Further, Count IX fails because Plaintiffs lack a reasonable expectation of privacy and/or any intrusion into a reasonable expectation of privacy was not highly offensive. Counts I, IV, and VII fail because Securly had requisite authorization, Securly acted as a school official, any data at issue was not in transit, Securly did not intercept any message, report, or communication, and/or Securly did not use a pen register and/or trap and trace device.

**<u>Seventeenth Affirmative Defense</u>**

(Party to Communications)

Plaintiffs' claims are barred, in whole or in part, because Securly acted on behalf of the Schools who were a party to any and all communications Securly allegedly received, and therefore no actionable interception occurred. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (no liability where the third party acted as a "tape recorder", allowing defendant to "record and analyze its own data in aid of [its own] business."); *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025 (S.D. Cal. 2024) (asking whether the third party "has the capability to use the [] data for its own purposes or benefit."). Specifically, Securly, as a service provider "to whom an agency or institution has outsourced institutional services or functions," acts as a school official pursuant to a valid grant of authority by Schools and federal and state law. 34 C.F.R. § 99.31(a)(1)(i).

**<u>Eighteenth Affirmative Defense</u>**

(Improper Class Action)

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action pursuant to the Federal Rule of Civil Procedure 23.

**<u>Nineteenth Affirmative Defense</u>**

(Equitable Relief – Remedies)

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs and the putative class members have not suffered any irreparable injury, have adequate remedies at law, or the equitable relief is neither necessary nor proper under applicable law.

**<u>Twentieth Affirmative Defense</u>**

(Undue Hardship)

Plaintiffs' claims are barred, in whole or in part, because the relief sought would impose undue hardship on Securly.

**Twenty-First Affirmative Defense**

(No Punitive or Excessive Damages)

Plaintiffs' claims for damages, including but not limited to punitive damages, are barred, in whole or in part, as unconstitutional, both facially and as applied to Securly, pursuant to the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and analogous provisions of the California Constitution, such as Article I § 17, to the extent they seek excessive damages.

**Twenty-Second Affirmative Defense**

(Rule of Lenity)

Plaintiffs' statutory claims are barred, in whole or in part, because the rule of lenity counsels against Plaintiffs' interpretations of the relevant statutes. Securly's conduct does not violate these statutes when the rule of lenity is properly applied to them.

**Twenty-Third Affirmative Defense**

(Reduction of Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' and the putative class members' alleged damages, if any, are reduced by the amounts they have recovered from third parties in connection with the claims alleged in the Complaint, if any.

**Twenty-Fourth Affirmative Defense**

(Lack of Causation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege that Securly's actions were a legal cause of Plaintiffs' alleged injuries. Securly collects data on behalf of Schools. To the extent any injury results from the data collection, it is the result of the decisions made by Schools.

**Twenty-Fifth Affirmative Defense**

(Failure to Join Necessary Parties)

Plaintiffs' claims are barred, in whole or in part, because they have failed to name all necessary and indispensable parties required to be named as defendants for a just and proper resolution.

**Twenty-Sixth Affirmative Defense**

(Intervening Actor / Wrong Party)

Plaintiffs' claims are barred, in whole or in part, because the alleged harm was the proximate result of actions by others, not Securly. Securly is an education technology and security tool provider to Schools, who use the tools, direct Securly's conduct, and are responsible for ensuring the tools are used consistent with applicable law, providing annual notification of FERPA rights to students and parents, and granting parents the right to inspect and review their student's education records. 34 C.F.R. § 99.7.

**Twenty-Seventh Affirmative Defense**

(Contribution and Indemnity)

Plaintiffs' claims are barred, in whole or in part, because under principles of contribution and indemnity, persons or entities other than Securly are wholly or partially responsible for the purported damages, if any, Plaintiffs and the putative class members have sustained.

**Twenty-Eighth Affirmative Defense**

(Proportionate Liability)

Plaintiffs' claims are barred, in whole or in part, because recovery for damages allegedly incurred by Plaintiffs and members of the putative classes, if any, is limited to the percentage of responsibility of Securly in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiffs' alleged damages, if any.

**RESERVATION OF RIGHTS**

Securly reserves all rights to amend or seek to amend its affirmative defenses pursuant to Federal Rule of Civil Procedure 15. To the extent that any of the defenses above are found to be defenses but not affirmative defenses, Securly identifies them as such.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Securly demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

**PRAYER FOR RELIEF**

Securly requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Securly, and that the Court award Securly its attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

Dated: July 29, 2025 **ROPES & GRAY LLP**

By: */s/ Amy Jane Longo*

Amy Jane Longo
10250 Constellation Blvd
Los Angeles, CA 90067
Tel: (310) 975-3300
Fax: (310) 975-3400
amy.longo@ropesgray.com

Edward McNicholas (*pro hac vice*)
Frances Faircloth (*pro hac vice*)
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
edward.mcnicholas@ropesgray.com
fran.faircloth@ropesgray.com

*Attorneys for Securly, Inc.*