**SWIGART LAW GROUP, APC**
Joshua B. Swigart (State Bar No. 225557)
2221 Camino del Rio S, Suite 308
San Diego, CA 92108
Telephone: (866) 219-3343
Facsimile: (866) 219-8344
E-mail: Josh@SwigartLawGroup.com

**THE BARRY LAW OFFICE, LTD**
Peter F. Barry (MN #0266577)
*Admitted pro hac vice*
1422 Asbury Street N.
St. Paul, MN 55108
Telephone: (612) 379-8800
E-mail: pbarry@lawpoint.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Jenna L. Gavenman (State Bar No. 348510)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jgavenman@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERI BATE, and her child N.M., and AZUCENA MEJIA, and her child A.S., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURLY, INC,<br><br>Defendant. | Case No. 3:23-cv-01304-AGS-DEB<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE**<br><br>Courtroom: 2160<br>Judge: Hon. Michael S. Berg<br><br>Complaint Filed: July 17, 2023<br>First Amended Complaint filed: Sept. 22, 2023<br>Second Amended Complaint filed: Sept. 6, 2024 |

**REDACTED**

**NOTICE OF MOTION AND MOTION**

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on a date as determined by the Honorable Magistrate Judge Michael S. Berg located in Suite 2160 at 221 West Broadway, San Diego, California, Plaintiffs N.M. and A.S. ("Plaintiffs") will and hereby do move the Court, pursuant to S.D. Cal. L.R. 17.1, for an Order approving the Parties' compromise.

This motion is based upon this Notice of Motion and Motion, the memorandum of points and authorities below, all papers and pleadings on file with the Court, and such other written or oral argument and materials as may be presented before the Court takes this motion under submission.

Respectfully submitted,

Dated: May 12, 2026

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Jenna L. Gavenman (State Bar No. 348510)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jgavenman@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**PAGE(S)**


INTRODUCTION ........ 1

LEGAL STANDARD ........ 2

ARGUMENT ........ 3

I. THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS ........ 3

II. THE COURT SHOULD APPROVE PLAINTIFFS' ATTORNEYS' FEES ........ 7

1. These Fees Are Fair and Should Be Approved ........ 8
2. Novelty and Difficulty of the Litigation Posed Obstacles to Resolution ........ 12
3. Amount Involved and Results Obtained ........ 13
4. Experience, Reputation, and Ability of Attorneys ........ 14
5. Time and Labor Required ........ 15
6. Informed Consent of the Representative of the Minor to the Fee ........ 15

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*A.M.L. v. Cernaianu*,
2014 WL 12588992 (C.D. Cal. Apr. 1, 2014) .......... 2

*Bradley v. Google, Inc.*,
2006 WL 3798134 (N.D. Cal. Dec. 22, 2006) .......... 7

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (9th Cir. 2020) .......... 4, 13, 14

*Castro v. United States*,
2022 WL 594545 (S.D. Cal. Feb. 28, 2022) .......... 3

*Ching v. Siemens Indus., Inc.*,
2014 WL 2926210 (N.D. Cal. June 27, 2014) .......... 12

*Clines v. Cnty. of San Diego*,
2022 WL 16851818 (S.D. Cal. Nov. 10, 2022) .......... 9

*Coffey v. Cnty. of Alameda*,
2025 WL 2960150 (N.D. Cal. Oct. 17, 2025) .......... 2

*Cohorst v. BRE Properties, Inc.*,
2012 WL 153754 (S.D. Cal. Jan. 18, 2012) .......... 4

*DeRuyver v. Omni La Costa Resort & Spa, LLC*,
2020 WL 563551 (Feb. 4, 2020) .......... 3

*Doe v. Eating Recovery Center LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 7, 13

*Estate of Anaya by Anaya v. Imperial Cnty.*,
2024 WL 4289546 (S.D. Cal. Sept. 24, 2024) .......... 3

*Fregosa v. Mashable, Inc.*,
2025 WL 2886399 (N.D. Cal. Oct. 9, 2025) .......... 15

*Graham v. DaimlerChrysler Corp.*,
34 Cal. 4th 553 (2004) .......... 11

*Harville v. 7-Eleven, Inc.*,
2025 WL 3564210 (S.D. Cal. Dec. 12, 2025) .......... 6

*In re Anthem, Inc. Data Breach Litig.*,
2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) .......... 11

*In re Google LLC Street View Electronic Communications Litig.*,
611 F. Supp. 3d 872 (N.D. Cal. 2020) .......... 4

*In re High-Tech Employee Antitrust Litig.*,
2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) .......... 11

*In re Sumitomo Copper Litig.*,
74 F. Supp. 2d 393 (S.D.N.Y. 1999) .......... 11

*In re Vizio, Inc. Consumer Priv.*,
Litg., 2019 WL 12966638 (C.D. Cal. July 31, 2019) .......... 10

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) .......... 10, 11

*J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist.*,
2019 WL 954783 (E.D. Cal. Feb. 27, 2019) .......... 5

*Knupp v. Amazon.com Servs., LLC*,
2025 WL 559687 (E.D. Cal. Feb. 20, 2025) .......... 10

*L.J. by and through Johnson v. Amazon.com, Inc.*,
2024 WL 5098221 (S.D. Cal. Dec. 12, 2024) .......... 9

*Lobaton v. City of San Diego*,
2017 WL 2610038 (S.D. Cal. June 16, 2017) .......... 3

*Maldonado v. Crofton*,
2025 WL 1177204 (E.D. Cal. Apr. 23, 2025) .......... 10

*Matera v. Google Inc.*,
2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) .......... 6

*McKeen-Chaplin v. Provident Savings Bank, FSB*,
2018 WL 3474472 (E.D. Cal. July 19, 2018) .......... 11

*Medeiros v. HSBC Card Servs, Inc.*,
2017 WL 11632870 (C.D. Cal. Oct. 23, 2017) .......... 4

*Moss v. USF Reddaway, Inc.*,
2018 WL 5099291 (C.D. Cal. Feb. 15, 2018) .......... 13

*Motlagh v. Macy's Corp. Servs., Inc.*,
2020 WL 7385836 (S.D. Cal. Dec. 16, 2020) .......... 7, 8

*Nitsch v. DreamWorks Animation SKG Inc.*,
2017 WL 2423161 (N.D. Cal. June 5, 2017) .......... 11

*Rainey v. Cnty. of San Diego*,
2025 WL 2549434 (S.D. Cal. Sept. 4, 2025) .......... 5

*Robidoux v. Rosengren*,
638 F.3d 1177 (9th Cir. 2011) .......... 2, 3

*Ronquillo-Griffin v. TransUnion Rental Screening Sols., Inc.*,
2019 WL 2058596 (S.D. Cal. May 9, 2019) .......... 4

*Rose v. Variety Media, LLC*,
2025 WL 2794920 (Los Angeles Super. Ct. Sept. 24, 2025) .......... 6, 12

*Smith v. Kaiser Found. Hosps.*,
2021 WL 2433955 (S.D. Cal. June 15, 2021) .......... 13

*Vasquez v. Coast Valley Roofing, Inc.*,
266 F.R.D. 482 (E.D. Cal. 2010) .......... 9

**STATUTES**

18 U.S.C. § 2710 .......... 1

Cal. Penal Code § 630 .......... 13

Cal. Penal Code § 631 .......... 1, 4

Cal. Penal Code § 631(a) .......... 6

Cal. Penal Code § 632 .......... 1, 4

Cal. Penal Code § 632.7 .......... 1, 4

Cal. Penal Code § 637.2(a) .......... 3

Cal. Penal Code § 637.7 .......... 1, 4

Cal. Prob. Code § 3601 .......... 7

**RULES**

Fed. R. Civ. P. 17(c)..........2
S.D. Cal. L.R. 17.1(a) ..........2

## INTRODUCTION

On April 30, 2026, the Parties entered into a private settlement to fully and finally resolve the claims brought by Plaintiffs A.S. and N.M. against Defendant Securly, Inc. This settlement fully and finally resolves this matter, which has been litigated since Plaintiffs' initial complaint was filed in July 2023. ECF No. 1.

Plaintiffs are minor students[1] at two separate schools in San Diego County, California who were issued Chromebooks which they allege contained Defendant's software. Second Amended Complaint ("SAC"), ECF No. 25, ¶¶ 26-37.

The journey to this mutually beneficial resolution has been long. On July 14, 2023, Plaintiffs filed a putative class action Complaint against Defendant styled *Bate et al. v. Securly, Inc.*, 3:23-cv-01304-AGS-DEB (S.D. Cal.) asserting violations of Cal. Pen. Code §§ 631, 632, 632.7, and 637.7 and the Video Privacy and Protection Act, 18 U.S.C. § 2710, *et seq.* ECF No. 1. On September 1, 2023, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. ECF No. 12. On September 22, 2023, Plaintiffs filed a First Amended Complaint in response. ECF No. 13. On October 6, 2023, Defendant moved to dismiss Plaintiffs' First Amended Complaint. ECF No. 15. On January 11, 2024, Plaintiffs opposed. ECF No. 20. United States District Court Judge Andrew G. Schopler granted Defendant's motion to dismiss for lack of subject matter jurisdiction but gave Plaintiffs leave to file a Second Amended Complaint. ECF No. 24 at 4.

On September 6, 2024, Plaintiffs filed the operative Second Amended Complaint. ECF No. 25. Judge Schopler granted in part and denied in part Defendant's motion to dismiss, permitting Plaintiffs' claims under California's Information Privacy Act ("CIPA"), Federal Wiretap Act ("FWA") and intrusion upon seclusion[2] to proceed. ECF No. 44. On July 29, 2025, Defendant answered. ECF No. 48.

Then, on August 15, 2025, Defendant filed a Motion for Judgment on the

---

[1] Plaintiff N.M. turns 18 on May 21, 2026. However, because he entered the agreement as a minor, Plaintiff N.M.'s award is considered in this motion.

[2] Plaintiffs subsequently voluntarily conceded their claims for intrusion upon seclusion.

Pleadings. ECF No. 52. That motion was ultimately denied on October 30, 2025. ECF No. 66. In the interim, the Parties have been engaged in discovery before ultimately coming to a resolution. The settlement provides meaningful relief for Plaintiffs in that Defendant voluntarily agrees to make certain additions to its current "Securly Trust and Safety FAQ." Accordingly, Plaintiffs respectfully request the Court approve the Settlement Agreement, as it provides certainty, ensures they are compensated now, and is thus in Plaintiffs' best interest under the circumstance of this case.

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors [or incompetent]." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) requires a district court to issue an "appropriate order ... to protect a minor[.]" Fed. R. Civ. P. 17(c). Additionally, under the Local Rules of the Southern District of California, "[n]o action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." S.D. Cal. L.R. 17.1(a).

The Ninth Circuit has directed Courts to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux,* 638 F.3d at 1182-83. As Courts have recognized, "*Robidoux*, however, is limited to cases involving the settlement of federal claims." *Coffey v. Cnty. of Alameda,* 2025 WL 2960150, at *2 (N.D. Cal. Oct. 17, 2025). Accordingly, a "settlement of state law claims also requires court approval," "evaluat[ing] the reasonableness of the settlement and [a] determin[ation of] whether the compromise is in the best interest of the [minor] person." *Id.* (quoting *A.M.L. v. Cernaianu,* 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014)). Here, the settlement value for each Plaintiff weighs heavily in favor of approval.

## ARGUMENT

### I. THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS

As the Ninth Circuit has explained, "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux,* 638 F.3d at 1182.

"The Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims and did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Estate of Anaya by Anaya v. Imperial Cnty*., 2024 WL 4289546, at *2 (S.D. Cal. Sept. 24, 2024) (cleaned up). "District courts are split on whether the *Robidoux* standard applies to the evaluation of a minor's compromise regarding state law claims." *Id.* ""[H]owever, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same." *Id.* (quoting *Castro v. United States,* 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022)). Thus, "Courts in this district exercising diversity jurisdiction over state law claims have found *Robidoux* persuasive in providing a framework for evaluating the reasonableness and fairness of the settlement." *Id. See e.g., DeRuyver v. Omni La Costa Resort & Spa, LLC,* 2020 WL 563551, at *2 (Feb. 4, 2020); *Lobaton v. City of San Diego,* 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017).

The payment to Plaintiffs is in their best interest. Here, the Plaintiffs' Awards are in line with similar settlements for alleged privacy violations and so, worthy of approval. Each Plaintiff will receive [redacted] ("Plaintiffs' Awards") to settle their CIPA and FWA claims. In addition, as part of the settlement, Defendant has voluntarily agreed to make certain modifications to its "Securly Trust and Safety FAQs." *See* Declaration of L. Timothy Fisher ("Fisher Decl."), Ex. 1 at § A(i). So, while this settlement is not a class settlement, [redacted] award is fair in light of what Plaintiffs could receive had they prevailed on their CIPA claims. *See* Cal. Pen. Code § 637.2(a) (establishing $5,000

statutory damages for each violation); Cal. Pen. Code § 631. Even better for Plaintiffs, their awards are likely to be more than they would receive as incentive payments through a class settlement while also providing an injunctive relief component to all putative class members. Importantly, each minor Plaintiff will receive the full net amount [redacted] separately and apart from any attorneys' fees or litigation costs, which are being paid independently by Defendant and were negotiated only after the Parties reached agreement regarding Plaintiffs' individual recovery and injunctive relief. Thus, there is no reduction whatsoever to the minors' recovery based on counsel's fees or costs. Accordingly, approval of the agreement is in Plaintiffs' best interest.

Plaintiffs' [redacted] than they likely would receive had their class action resolved in a class settlement. In the Ninth Circuit, where a case has progressed to a class settlement, $5,000 is regularly awarded as an incentive award to named plaintiffs in privacy cases. *See e.g., Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1114 (9th Cir. 2020) (affirming approval of settlement of federal wiretap and CIPA claims where "[t]he agreement did not provide for monetary compensation to class members other than the two named Plaintiffs, each of whom was permitted to apply to the court for an award not to exceed $5,000."). *See also In re Google LLC Street View Electronic Communications Litig.,* 611 F. Supp. 3d 872, 890 (N.D. Cal. 2020) (granting final approval to settle wiretap act claims and award $5,000 service awards); *Medeiros v. HSBC Card Servs, Inc.,* 2017 WL 11632870, at *15 (C.D. Cal. Oct. 23, 2017) ("The court awards $5,000 incentive payments to Representative Plaintiffs Fanning and Lindgren[.]"); *Cohorst v. BRE Properties, Inc.*, 2012 WL 153754, at *1 (S.D. Cal. Jan. 18, 2012) (awarding $5,000 incentive awards to three CIPA plaintiffs); *Ronquillo-Griffin v. TransUnion Rental Screening Sols., Inc.,* 2019 WL 2058596, at *11 (S.D. Cal. May 9, 2019) (awarding plaintiffs $3,000 as a service award); *Martinez et al. v. Choose Your Horizon, Inc.,* 3:24-cv-02798-LB (N.D. Cal. Apr. 23, 2026), ECF No. 74 at ¶ 7 ("The Court also orders payment of an incentive award(s) in the amount(s) of $5,000.00 each to Plaintiffs Karen Martinez and Eli Silva."); *Doe v. Joyous PBC,* 3:24-cv-02357-JD (N.D. Cal. Dec. 15,

2025), ECF No. 39 ¶ 6 ("The Court also orders payment of an incentive award(s) in the amount(s) of $1,500.00 to Plaintiff Jane Doe."). Accordingly, the compensation to Plaintiffs here [redacted]—and more immediate—than they would receive had their class action resulted in a class settlement. Under both California and federal standards, the Plaintiffs' Awards [redacted] in similar class actions.

Moreover, courts consider the adequacy of the settlement by considering "such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts." *J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist.*, 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019). These factors support approval.

Here, the parties had been engaged in discovery and were preparing to take numerous depositions. Plaintiffs faced significant obstacles to reaching a class settlement, let alone vindicating their claims at a trial. Indeed, even after Plaintiffs partially defeated the motion to dismiss and survived the motion for judgment on the pleadings, Defendant still believed that it could dispense of this case through discovery and prior to class certification. Magistrate Judge Butcher ordered discovery be bifurcated with phase one "limited … solely to the named Plaintiffs' standing[.]" ECF No. 108 at 1. Plaintiffs were preparing for those depositions, the outcome of which could have caused the case to be dismissed before they had a chance to further investigate the actual merits of their privacy claims. *See Rainey v. Cnty. of San Diego,* 2025 WL 2549434, at *4 (S.D. Cal. Sept. 4, 2025) ("The proposed settlement allows for the certainty of recovery … as opposed to the uncertainty associated with a jury verdict. … Even if a greater recovery might have been possible at trial, an early settlement will provide funds … that would not have been guaranteed otherwise. … [T]he Court finds it is in the best interest … to avoid protracted litigation and the burden, expense, and uncertainty of taking the case to trial.").

While Plaintiffs and their counsel intended to vigorously prosecute these claims, they are mindful that Plaintiffs' claims may be deemed worthless depending on the

testimony and analysis of their technical experts reviewing discovery. Moreover, the standing-focused discovery ordered by the Court created substantial litigation risk because Plaintiffs' claims could have been dismissed before merits discovery or class certification proceedings occurred. This procedural posture materially increased the uncertainty of continued litigation and weighs strongly in favor of immediate and guaranteed recovery. With this in mind, this resolution is particularly fair. As evidenced by the class settlements above, CIPA and wiretap claims generally result in between $1,500-$5,000 payments for plaintiffs. *See* Fisher Decl. ¶ 2.

Additionally, this settlement guarantees Plaintiffs payment much sooner than if they sought approval of a class wide settlement, for which approval is not certain and which would take months, if not longer, to get approved and compensated. *See also Harville v. 7-Eleven, Inc.*, 2025 WL 3564210, at *3 (S.D. Cal. Dec. 12, 2025) ("Taking all relevant considerations into account, the Court finds that the proposed net recovery of [Redacted] for each Minor Claimant is fair, reasonable, and in Minor Claimants' best interests[.] The proposed settlement allows for certainty of recovery for Minor Claimants, as opposed to the uncertainty associated with a jury verdict[.]"). (brackets in original).

To add to the uncertainty, on November 21, 2025, in *Rose v. Variety Media, LLC*, Case No. 25STCV01865 (Los Angeles Super. Ct.)—a case alleging violations of CIPA § 638.51—the defendant filed a petition for writ of mandate following the overruling of the defendant's demurrer. *Rose v. Variety Media, LLC*, 2025 WL 2794920 (Los Angeles Super. Ct. Sept. 24, 2025). The question in that petition is whether CIPA § 638.51 applies to nontelephonic technology or if CIPA is limited to only telephonic technologies. *Id.* While Plaintiffs did not have a CIPA § 683.51 claim in their Second Amended Complaint, the scope of that decision would impact the viability of Plaintiffs' additional CIPA claims. Indeed, Plaintiffs' claims were premised on CIPA's application to new technologies. *See e.g.,* SAC ¶ 196 ("Section 631(a) is not limited to phone lines, but also applies to 'new technologies' such as computers, the Internet, and email. *See Matera v.*

*Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to 'new technologies' and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "'electronic communications'"). This posed a significant risk to the continued viability of Plaintiffs' claims, even if discovery uncovered facts supporting their claims. *See also Doe v. Eating Recovery Center LLC,* 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025) ("The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change and as courts are called upon to apply CIPA's already-obtuse language to new technologies. Indeed, we have reached the point where it's often borderline impossible to determine whether a defendant's online conduct fits within the language of the statute.") (granting motion for summary judgment of CIPA claims). Ensuring that Plaintiffs are compensated now, [redacted] would likely receive in the context of a class settlement, and much earlier than if they were to prevail at trial, weighs heavily in favor of finding that their compensation is adequate compared to similar settlements. Resolving this uncertainty now—and ensuring they are compensated now—is in their best interest; continued discovery and a looming appellate order shifting the law could doom their claims.

## II. THE COURT SHOULD APPROVE PLAINTIFFS' ATTORNEYS' FEES

In California, courts are required to approve the attorney fees to be paid for representation of an incompetent person. *See* Cal. Prob. Code § 3601. "[T]he court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor[.]" Cal. R. of Court 7.955(a)(1). Following the Ninth Circuit's instructions, "courts should not evaluate the fairness of the recovery by comparing the minor's proportion of the total settlement to the amounts designed for co-plaintiffs or counsel." *Motlagh v. Macy's Corp. Servs., Inc.,* 2020 WL 7385836, at *2 (S.D. Cal. Dec. 16, 2020). Factors courts consider are:

> The amount of the fee in proportion to the value of the services performed; The novelty and difficulty of the questions involved and skills required; The amount involved and the results obtained; The nature and length of the professional relationship between the attorney and the representation of the minor or the person with a disability; The experience, reputation, and ability of the attorney performing the legal services; The time and labor required; Whether the fee is fixed, hourly, or contingent; and If the fee is contingent, the risk of loss borne by the attorney, the amount of costs advanced by the attorney, and the delay in payment of fees and reimbursement of costs paid by the attorney.

*Id.* at *6 (relying on Cal. R. of Ct. § 7.955(b)).

A closer examination of the factors weighs strongly in favor of approving Plaintiffs' Counsels' fees. This litigation involved substantial risk, extensive motion practice, complex and evolving privacy issues, and significant time and expense invested over nearly three years of litigation. Plaintiffs' Counsel prosecuted this matter on a wholly contingent basis, advancing substantial costs and dedicating significant attorney time with no guarantee of recovery.

Most importantly, the settlement was negotiated at arm's length by experienced counsel following extensive litigation, contested motion practice, and discovery. Attorneys' fees were negotiated separately and only after the Parties finalized the minors' individual recovery and injunctive relief, eliminating any concern that counsel's fees compromised the minors' compensation. Fisher Decl. ¶ 4. The settlement therefore reflects a fair and reasonable resolution achieved only after meaningful litigation and adversarial negotiations.

The Court should accordingly approve Plaintiffs' Counsel's requested fees under both federal and California standards.

**1. These Fees Are Fair and Should Be Approved**

Plaintiffs' Counsel took this case on a contingency basis. Counsel bore the risk of loss and upfronted approximately $37,209 in expenses prosecuting this action. Swigart Decl. ¶ 11; Fisher Decl. ¶ 5; Barry Decl. ¶ 49. This included hiring two technical experts, traveling for multiple hearings, and extensive preparation for in-person depositions. *See*

*Clines v. Cnty. of San Diego,* 2022 WL 16851818, at *4 (S.D. Cal. Nov. 10, 2022) (finding that "the expert fees while high in relation to the settlement amount, were necessary for the successful resolution of the case and are fair and reasonable"). In addition, Plaintiffs' Counsel provided more than $1,109,245 of time in legal work without compensation and at the risk of never being compensated. Swigart Decl. ¶ 10, Barry Decl. ¶ 8; Fisher Decl. ¶ 5. Plaintiffs' Counsel spent significant time opposing two motions to dismiss, a motion for judgment on the pleadings, and dedicated significant time to discovery.

This matter was filed in July 2023. *Bate et al. v. Securly, Inc.,* 3:23-cv-01304 (S.D. Cal.), ECF No. 1. The Parties did not reach an agreement until April 2026. *Id.* at ECF No. 119. Accordingly, Plaintiffs' Counsel upfronted expenses and legal work associated with prosecuting this action for nearly three years, with the risk of never recouping the expenses or being compensated for their time. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) ("Class Counsel prosecuted the case on a contingency basis, which presented considerable risk."). *See also L.J. by and through Johnson v. Amazon.com, Inc.*, 2024 WL 5098221, at *5 (S.D. Cal. Dec. 12, 2024) ("The Court notes that counsel expended significant time and resources to obtain a favorable outcome for the minor Plaintiff in an arguably difficult liability case. Counsel bore a risk of loss while advancing substantial costs retaining experts to establish liability. … Accordingly, the Court finds that Plaintiffs' counsel has established good cause for an award higher than the presumptively reasonable … recovery amount."). The time spent on this matter culminated in a resolution in an amount likely [redacted] they would have been awarded—and sooner—had their claims been resolved on a class basis.

Plaintiffs' Counsel notes that the rubric by which Courts consider attorneys' fee requests in cases involving minors is almost always applied in cases of personal injury. *See L.J. by and through Johnson,* 2024 WL 5098221, at *1 ("L.J. sustained severe exothermic chemical burns to her buttocks region when the Nail Glue included in the

defective product, which contained a powerful adhesive known as 'cyanoacrylate,' spilled onto her thighs, pooling underneath her buttocks and interacting with her bathing suit bottoms. She endured excruciating pain and received emergency treatment, including undergoing multiple surgical procedures."); *Maldonado v. Crofton,* 2025 WL 1177204, at *1 (E.D. Cal. Apr. 23, 2025) ("Plaintiffs' complaint asserts claims sounding in general negligence based on injuries and property damage they sustained following a collision between Plaintiffs' passenger sedan and Defendant's large recreational vehicle. … at the time of the collision, Solis was pregnant with minor Plaintiff Natalya Maldonado, yet unborn, who was unharmed."); *Knupp v. Amazon.com Servs., LLC,* 2025 WL 559687, at *1 (E.D. Cal. Feb. 20, 2025) ("The claims arose out of allegations that L.K. was seriously injured after she ingested a button battery that fell out of a wireless color-changing-LED light remote sold by Amazon. The damage allegedly was so severe to L.K.'s body that she was forced to go through fourteen surgeries to remove the button battery and to address damage to her organs.").

This case, however, is a privacy class action. In the context of approving attorneys' fees for class actions, "[c]ourts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorney's normal hourly rates." *In re Vizio*, *Inc. Consumer Priv. Litg.,* 2019 WL 12966638, at *8 (C.D. Cal. July 31, 2019) (cleaned up); *see also In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). The contingent nature of Plaintiffs' Counsel's fee recovery, coupled with the uncertainty that any recovery would be obtained, is significant. *Wash. Pub. Power*, 19 F.3d at 1300. In *Wash. Pub. Power*, the Ninth Circuit recognized that:

> [i]t is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases … [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Id.* at 1299-1300 (cleaned up); *see also McKeen-Chaplin v. Provident Savings Bank, FSB*, 2018 WL 3474472, at *2 (E.D. Cal. July 19, 2018) ("Counsel has not received payment for the vast majority of its time spent on this case over the last five and a half years, and took on significant financial risk by taking on this action on a contingency fee basis."); *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 580 (2004) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services.") (cleaned up); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396-98 (S.D.N.Y. 1999) ("No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success."). But unlike cases seeking a multiplier, the fee for Plaintiffs' Counsel in this action is actually significantly below the time invested. The total aggregate lodestar is approximately $1,109,245. Swigart Decl. ¶ 10; Fisher Decl. ¶ 5; Barry Decl. ¶ 8. Thus, each firm is being compensated for an amount well below their time invested in this matter, including expenses which will come from their respective shares of the fee.

Each firm is receiving approximately [redacted], for which each firm's own costs will be recovered. Thus, [redacted]. Fisher Decl. Ex. 1. Each firm's hourly rate is reasonable as determined by other courts. *See* Fisher Decl. ¶ 6; Swigart Decl. ¶ 21-29; Barry Decl. ¶ 8. California courts have likewise sustained rates like those of Plaintiffs' Counsel. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *17 (N.D. Cal. Aug. 17, 2018) (approving billing rates for partners between $400 and $970, and associates between $185 to $850 "with most under $500"); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (finding rates for senior attorneys of between $870 to $1200 per hour to be reasonable); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving

billing rates of $490 to $975 for partners, $310 to $800 for non-partner attorneys, and $190 to $430 for paralegals, law clerks, and litigation support staff). And based on Plaintiffs' Counsel's rates and experience, the hourly rates are reasonable compared to other legal fees charged in similar matters. See Fisher Decl. ¶¶ 6; 10-12; Swigart Decl. ¶¶ 21-29; Barry Decl. ¶¶ 48-53. While there was no percentage stated in Plaintiffs' retainer agreement, Plaintiffs' counsel's fees were negotiated separately and only after the Parties reached agreement regarding Plaintiffs' individual settlement awards and the injunctive relief component of the settlement. The fee amount was based on the amount of time invested in the case and the work performed by counsel. Fisher Decl. ¶ 4.

#### 2. Novelty and Difficulty of the Litigation Posed Obstacles to Resolution

This case presented difficulties throughout. As noted above, on November 21, 2025, in *Rose v. Variety Media, LLC*, Case No. 25STCV01865 (Los Angeles Super. Ct.)—a case alleging violations of CIPA § 638.51—the defendant filed a petition for writ of mandate following the overruling of the defendant's demurrer. *see also Rose v. Variety Media, LLC*, 2025 WL 2794920 (Los Angeles Super. Ct. Sept. 24, 2025). The question in that petition is whether CIPA § 638.51 applies to nontelephonic technology or if CIPA is limited to only telephonic technologies. *Id.* While Plaintiffs did not have a CIPA § 683.51 claim in their Second Amended Complaint, the scope of that decision would impact the viability of Plaintiffs' additional CIPA claims. Additionally, because discovery is limited to just the named Plaintiffs' standing, their claims risked dismissal before even getting into the merits. Plaintiffs needed to clear these two hurdles well before any party were to move for class certification or defend against a forthcoming motion for summary judgment. And "settlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal." *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014). As courts have noted, the "risk, expense, complexity, and likely duration of further litigation" are "probable costs, in both time and money, of continued litigation[,]" that the Settlement would allow the Parties to avoid. *Id.* And Plaintiffs' motion for class

certification was set to face meaningful opposition from Defendant.

Indeed, *Doe v. Eating Recovery Center* is a similar privacy case granting a motion for summary judgment. To add to Plaintiffs' risk here, Judge Chhabria was concerned with issues similar to those on appeal: "CIPA was intended to protect Californians' privacy rights in the face of 'the development of new devices and techniques for the purpose of eavesdropping upon private communications.' Cal. Penal Code § 630. But using a third-party company to perform data analytics for web traffic is worlds different from wiretapping and eavesdropping." 806 F. Supp. 3d at 1109. Because discovery was focused on only the Plaintiffs' standing, merits discovery was still outstanding. This case was fraught with risk and presented significant obstacles to Plaintiffs' chances of recovery and class resolution. *See Moss v. USF Reddaway, Inc.*, 2018 WL 5099291, at *7 (C.D. Cal. Feb. 15, 2018) (finding the risk of "proceed[ing] on the merits" weighs in favor of settlement where defendants raised "many substantive defenses" in their unresolved summary judgment motion); *Smith v. Kaiser Found. Hosps.*, 2021 WL 2433955, at *7 (S.D. Cal. June 15, 2021) (finding that risk of "continued litigation" at later stages such as summary judgment weighs in favor of approval where some "factual disputes" remain). Avoiding these pitfalls weighs in favor of approving Plaintiffs' Counsel's fees.

**3. Amount Involved and Results Obtained**

A significant value of the settlement agreement here is the injunctive relief component, in which Defendant voluntarily agreed to make certain amendments to its "Securly Trust and Safety FAQ." The injunctive relief obtained here provides meaningful prospective benefits not only to Plaintiffs, but also to parents and students using Defendant's software going forward.

While the value of this component of the settlement is difficult to quantify, the Ninth Circuit has noted that injunctive relief components aimed at notice in privacy settlements are valuable. In *Campbell v. Facebook, Inc.*, the Ninth Circuit affirmed the district court's order approving a class action settlement. In *Campbell,* the objector

argued that the "settlement … [was] invalid because the class received only 'worthless injunctive relief.'" 951 F.3d at 1123. The Ninth Circuit flatly rejected this argument, explaining—similar to the relief here—that:

> The settlement requires, in relevant part, that Facebook make a plain English disclosure on its Help Center page that tells users that Facebook 'use[s] tools to identify and store links shared in messages.' The settlement requires Facebook to display the relevant language on its Help Center page for a year. In light of the nature of the claims here, a year-long requirement to make such a disclosure has value: it provides information to users about Facebook's message monitoring practices, making it less likely that users will unwittingly divulge private information to Facebook or third parties in the course of using Facebook's messaging platform.

*Id.* at 1123. In *Campbell,* the Ninth Circuit noted that "the class did not need to receive much for the settlement to be fair because the class gave up very little." *Id.* But here, because this is an individual settlement, members of the putative class get the benefit of the injunctive relief while Plaintiffs received the benefits of injunctive relief and an award for their efforts above what they would likely have received had this case been resolved on a class basis. This compensation was well-earned. For their efforts litigating this matter for nearly three years, participating in discovery, and assuming the burdens associated with serving as class representatives in contested privacy litigation, Plaintiffs here receive compensation [redacted] and substantially sooner than they likely would have through class settlement proceedings. As noted, the injunctive relief component was the first piece of the settlement negotiated, with the Parties exchanging proposals for how best to achieve the desired notice. Fisher Decl. ¶ 4; *See also id.* at Ex. 1, Ex. A.

Thus, the results obtained are in the best interest of Plaintiffs and have the added benefit of operating like a quasi-class settlement for all other members of the putative classes.

**4. Experience, Reputation, and Ability of Attorneys**

Plaintiffs are represented by competent and experienced counsel, particularly

experienced in privacy cases. *See Fregosa v. Mashable, Inc.*, 2025 WL 2886399, at *2 (N.D. Cal. Oct. 9, 2025) (Breyer, J.) ("Several judges in this district, including Judges Lin [B&F decisions], Orrick, Pitts, Ryu [B&F decision], Tigar, and the undersigned [B&F decisions], have held that such allegations suffice at the pleading stage."); *Greenley v. Mayflower Transit, LLC*, 3:21-cv-00339-WQH-MDD, ECF No. 49 (S.D. Cal. 2022), (granting approval of $1.4 million class settlement in privacy case brought by Swigart Law Group, APC and The Barry Law Office, LTD); *Murphy v. Kochava, Inc.,* 2:23-cv-00058-BLW, ECF No. 55 (D. Idaho. 2025) (granting approval of $1.5 million class settlement in data privacy action by The Barry Law Group, LTD, et al.).

**5. Time and Labor Required**

This matter required significant time and labor to reach this resolution. Plaintiffs' Counsel briefed two motions to dismiss, filed three complaints, prevailed on a motion for judgment on the pleadings, and have been engaged in discovery in the nearly three years this case has been litigated. In total, Plaintiffs' Counsel has incurred more than $37,209.37 in costs and $1,109,245 in lodestar. Swigart Decl. ¶¶ 10-11; Barry Decl. ¶ 8; Fisher Decl. ¶ 5.

**6. Informed Consent of the Representative of the Minor to the Fee**

Minor Plaintiffs and their parents provided informed consent as to the amount of fees and their respective awards. Counsel for Plaintiff consulted with Parents for Plaintiffs. Plaintiffs had no issues or objections with their amount in awards and fees for their counsel. *See* Swigart Decl. ¶ 29.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court order approval of Plaintiffs' compromise. Plaintiffs' compensation in this case—brought as a class action—exceeds their likely recovery on a class-wide basis and provides immediate compensation. Approval is in their best interest.

Respectfully submitted,

Dated: May 12, 2026

**BURSOR & FISHER, P.A.**

By: /s/ *L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
Jenna L. Gavenman (State Bar No. 348510)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jgavenman@bursor.com
jglatt@bursor.com

**SWIGART LAW GROUP, APC**
Joshua B. Swigart (State Bar No. 225557)
2221 Camino del Rio S, Suite 308
San Diego, CA 92108
Telephone: (866) 219-3343
Facsimile: (866) 219-8344
E-mail: Josh@SwigartLawGroup.com

**THE BARRY LAW OFFICE, LTD**
Peter F. Barry (MN #0266577)
*Admitted pro hac vice*
1422 Asbury Street N.
St. Paul, MN 55108
Telephone: (612) 379-8800
E-mail: pbarry@lawpoint.com

*Attorneys for Plaintiffs*