

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI BATE and her child N.M., *individually and on behalf of others similarly situated*, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SECURLY, INC.,<br><br>Defendant. | Case No.: 23cv1304-AGS (DEB)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF THEIR UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE [ECF NO. 123]** |

On May 12, 2026, Plaintiffs N.M. and A.S., minors, by and through their respective parents, Sheri Bate and Azucena Mejia ("Plaintiffs"), filed a Motion to Seal the following: (1) certain portions of Plaintiffs' concurrently filed Unopposed Motion for Approval of Compromise [ECF No. 125] that disclose (a) the identities of the minor plaintiffs, (b) the settlement amount, or (c) other language which may reveal the settlement amount and (2) the entirety of the parties' settlement agreement [ECF No. 125-2].  (See ECF No. 123 ("Motion to Seal").)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  The Ninth Circuit has explained, "[u]nless a

particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). The party seeking to seal a judicial record bears the burden of articulating "compelling reasons" that are "sufficient to outweigh the public's interest in disclosure." Kamakana, 447 F.3d at 1178–79. In the context of non-dispositive motions, the party requesting to seal a judicial record must make a particularized showing of good cause. Id. at 1180.

Here, Plaintiffs explain "there are compelling reasons to seal each of the above-mentioned materials because they contain sensitive information about the minors involved in the case, including private personal identifying information for minor children . . ., as well as confidential information related to the settlement agreement that should be protected from public disclosure." (ECF No. 123 at 5.) According to Plaintiffs, no less restrictive alternative would adequately protect the privacy interests at stake. (Id.)

Having reviewed the Motion to Seal and the relevant documents, the Court finds there are compelling reasons that overcome the presumption of public access. Accordingly, the Court **GRANTS** the Motion to Seal and **ORDERS** the following documents to be filed **UNDER SEAL**:

1. The unredacted version of Plaintiffs' Unopposed Motion for Approval of Compromise.

2. The entirety of the parties' settlement agreement.

3. The Court's forthcoming unredacted Report and Recommendation.[1]

**IT IS SO ORDERED**.

---

[1] The Court will also file a redacted Report and Recommendation that omits references to "(1) the identities of the minor plaintiffs; (2) the settlement amount; and (3) other language which, in context, may reveal the settlement amount." (See ECF No. 123 at 2.)

Dated:  May 18, 2026

_____
Honorable Michael S. Berg
United States Magistrate Judge

23cv1304-AGS (DEB)