UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI BATE and her child N.M., *individually and on behalf of others similarly situated*, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>SECURLY, INC.,<br><br>                         Defendant. | Case No.: 23cv1304-AGS (DEB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE [ECF NO. 125]** |

Now pending before the Court is Plaintiffs' Unopposed Motion for Approval of Compromise.[1]  (See ECF No. 125 ("Motion").)  This Report and Recommendation is submitted to United States District Judge Andrew G. Schopler pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 17.1(a) of the United States District Court for the Southern District of California.

---

[1] On May 18, 2026, the Court granted Plaintiffs' Unopposed Motion to Seal Documents Filed in Support of Their Unopposed Motion for Approval of Compromise.  (ECF No. 127.)

Having reviewed the Motion, and for the reasons set forth below, the Court **RECOMMENDS** that the District Judge **GRANT** the Motion.

## I.    BACKGROUND

### A.    Factual Background

This is a putative class action brought by Sheri Bate and Azucena Mejia on behalf of their respective minor children, N.M. and A.S. ("Minor Plaintiffs"), against Securly, Inc. ("Defendant").  (See generally Dkt.)  The following facts are summarized from Minor Plaintiffs' Second Amended Complaint ("SAC") [ECF No. 25] and the instant Motion [ECF No. 125].  Minor Plaintiffs were issued Chromebook® devices by their respective schools for use as part of distance learning.  (SAC at ¶¶ 28 & 34.)  Unbeknownst to Minor Plaintiffs, Defendant's software had been installed on the Chromebook® devices.  (Id. at ¶¶ 29 & 35.)  Minor Plaintiffs allege that Defendant's software tracked Minor Plaintiffs' geolocations, their web search terms, the websites they visited, and the videos they watched.  (Id.)  Minor Plaintiffs further allege that the information above was "shared with third parties in an effort in part to create targeted advertisements and marketing campaigns, and for other undisclosed purposes."  (Id. at ¶¶ 30 & 36.)  Minor Plaintiffs claim this information was gathered without their knowledge or consent.  (Id. at ¶¶ 31 & 37.)

### B.    Procedural History

On July 14, 2023, Minor Plaintiffs, by and through their respective parents, Sheri Bate and Azucena Mejia, initiated this action against Defendant.  (ECF No. 1.)  On September 6, 2024, Minor Plaintiffs filed the operative Second Amended Complaint.  (ECF No. 25.)  In the SAC, Minor Plaintiffs assert the following causes of action against Defendant: (1) Unlawful Wiretapping and Interception of Electronic Communications in Violation of California Penal Code § 631; (2) Unlawful Use of Electronic Tracking Device in Violation of California Penal Code § 637.7; (3) Violation of the California Computer Data Access and Fraud Act [California Penal Code § 502]; (4) Use of a Pen Register or Trap and Trace Device in Violation of California Penal Code § 638.51; (5) Violation of the

23cv1304-AGS (DEB)

Computer Fraud and Abuse Act [18 U.S.C. § 1030]; (6) Violation of the Stored Communications Act [18 U.S.C. § 2701]; (7) Violation of the Federal Wiretap Act [18 U.S.C. §§ 2511 and 2520]; (8) Violation of the California Unfair Competition Law [California Business and Professions Code § 17200 et seq.]; and (9) Intrusion Upon Seclusion.  (Id. at ¶¶ 189–298).  On July 1, 2025, District Judge Schopler granted Defendant's Motion to Dismiss the Second Amended Complaint in part but permitted Minor Plaintiffs' claims under the California Information Privacy Act and the Federal Wiretap Act, as well as Minor Plaintiffs' Intrusion Upon Seclusion claim, to proceed. (See ECF 44.)  On July 29, 2025, Defendant filed an Answer to the SAC.  (ECF No. 48.)

On May 1, 2026, the parties filed a Notice of Settlement.  (ECF No. 119.)  On May 6, 2026, this matter was assigned to the undersigned to fulfill the special duty of the Court to safeguard the interests of minors.  (See ECF No. 121.)  On May 12, 2026, Minor Plaintiffs filed the instant Motion.  (ECF No. 125.)

### C.    Settlement Terms

Minor Plaintiffs, by and through their respective parents, Sheri Bate and Azucena Mejia, have agreed to settle this matter with Defendant without trial pursuant to the following terms.  Defendant has agreed to pay ▮▮▮▮▮▮ to each of the Minor Plaintiffs to settle their remaining claims.  (Id. at 10.)  As further consideration for the settlement, Defendant has agreed to make certain modifications to its "Securly Trust and Safety FAQs."  (Id.)  The parties explain that each of the Minor Plaintiffs will receive the full payment of ▮▮▮▮▮ separately and apart from any attorneys' fees or litigation costs, which are to be paid independently by Defendant.  (Id. at 11.)  Thus, there is no reduction whatsoever to Minor Plaintiffs' recovery for attorneys' fees or litigation costs. (Id.)  As the result of separate negotiations, Defendant has agreed to pay ▮▮▮▮▮▮ as reimbursement for attorneys' fees, costs, and expenses.  (See ECF No. 125-2 at 3.)

The parties propose distribution of Minor Plaintiffs' settlement funds by a single payment in the amount of ▮▮▮▮▮▮ into the client trust account of Bursor & Fisher, P.A. (Id. at 4.)

23cv1304-AGS (DEB)

## II.   LEGAL STANDARD

Civil Local Rule 17.1 of the United States District Court for the Southern District of California governs settlements in "action[s] by or on behalf of a minor." See CivLR 17.1(a). Civil Local Rule 17.1 provides that "[n]o action by or on behalf of a minor . . . , or in which a minor . . . has an interest, will be settled, compromised, voluntarily discontinued, dismissed[,] or terminated without court order or judgment." Id. Civil Local Rule 17.1 further mandates that "[a]ll settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Id. This rule codifies the district courts' "special duty to safeguard the interests of minor plaintiffs" in the context of civil settlements. See Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011); see also Fed. R. Civ. P. 17(c). The Ninth Circuit has held that this special duty obliges the district court "to 'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)). Accordingly, a district court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . , even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (citation modified).

A district court reviewing the settlement of a minor plaintiff's claim should "limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181–82. Furthermore, "[a] district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the district court has no special duty to safeguard their interests. Id. at 1182 (citing Dacanay, 573 F.2d at 1078). A district court should approve the settlement, as proposed by the parties, "[s]o long as the net

recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases." Robidoux, 638 F.3d at 1182.

The Ninth Circuit expressly limited its holding in Robidoux to "cases involving the settlement of a minor's *federal* claims." See id. at 1179 n.2 (emphasis added). When a settlement involves a minor's *state* claims, the district courts have generally applied state law in lieu of the Robidoux framework. See, e.g., DeRuyver v. Omni La Costa Resort & Spa, LLC, No. 17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); J.T. v. Tehachapi Unified Sch. Dist., No. 16-cv-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019); A.M.L. v. Cernaianu, LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014).

Under California law, the court is tasked with evaluating the "reasonableness of the settlement" and "whether the compromise is in the best interests of the minor." See A.M.L., 2014 WL 12588992, at *3; see also Pearson v. Superior Ct., 202 Cal. App. 4th 1333, 1340 (2012) (explaining that requiring court approval "allows the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest"). The California Probate Code provides the applicable statutory scheme for settlements involving minors. See generally Cal. Prob. Code §§ 3600–16. Under the relevant provisions of the California Probate Code, courts have broad discretion "to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Superior Ct., 23 Cal. App. 4th 1378, 1382 (1994) (discussing Cal. Prob. Code § 3601).

Because Minor Plaintiffs' claims are brought under both federal and California law, and to ensure all potentially relevant factors are considered, the Court will review the settlement under both federal law ("fair and reasonable") and state law ("best interests") standards. See Robidoux, 638 F.3d at 1181; see also Anderson v. Latimer, 166 Cal. App. 3d 667, 676 (1985).

//

//

23cv1304-AGS (DEB)

## III.    DISCUSSION

**A.    The Settlement is Fair, Reasonable, and in Minor Plaintiffs' Best Interests**

As stated above, this Court focuses its review on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." See Robidoux, 638 F.3d at 1181–82. Additionally, California law emphasizes protecting "the best interests of the minor." Anderson, 166 Cal. App. 3d at 676. Accordingly, the Court must assess whether Minor Plaintiffs' net recovery of ███████ is fair, reasonable, and in Minor Plaintiffs' best interests. Based on the Court's review of the record, the Motion, and applicable state and federal law, the Court finds that it is.

The net settlement amount is ████████, with each of the Minor Plaintiffs to receive ████████. (ECF No. 125 at 10.) The Motion includes numerous examples of court-approved settlements in Southern, Northern, Eastern, and Central District of California cases that resulted in lower net recoveries for the minor plaintiffs, as compared to the proposed net recovery for Minor Plaintiffs here. (Id. at 11–12.) The Court has reviewed these cases and performed its own independent review of cases involving similar facts and finds that Minor Plaintiffs' net recovery is appropriate under the circumstances. See, e.g., Campbell v. Facebook, Inc., 951 F.3d 1106, 1114 (9th Cir. 2020) (affirming approval of a settlement in which the two named plaintiffs were permitted to request an award not to exceed ██████). The Court's review of analogous settlements demonstrates that Minor Plaintiffs' net recovery is fair and reasonable, thereby satisfying the Robidoux standard.

Additionally, the settlement is in Minor Plaintiffs' best interests because it eliminates the cost, risk, and time commitment of pursuing the case through class action certification and trial. The settlement provides Minor Plaintiffs with compensation comparable to that obtained in similar actions and the certainty of recovery, rather than the uncertainty of a jury verdict. Thus, this Court finds that Minor Plaintiffs' net recovery is also in Minor Plaintiffs' best interests, thereby satisfying California law.

23cv1304-AGS (DEB)

**B.    Attorneys' Fees and Costs**

The California Probate Code provides that expenses—including attorneys' fees and litigation costs—to be paid out of a settlement in which a minor has an interest must be approved by the court.  See Cal. Prob. Code §§ 3600–01; see also CivLR 17.1(a). When counsel represents a minor on a contingency basis, attorneys' fees are generally limited to twenty-five percent of the gross recovery.  See, e.g., Gonzalez, 2024 WL 1466784, at *3; D.C. v. Modesto City Schs., No. 22-cv-01481-HBK, 2023 WL 6060044, at *5–*6 (E.D. Cal. Sept. 18, 2023); L.P. v. Bella Mente Montessori Acad., No. 23-cv-01166-LL-AHG, 2023 WL 4908833, at *5 (S.D. Cal. Aug. 1, 2023).  To determine whether attorneys' fees are reasonable, the Court may consider factors including the involvement and circumstances of the minor, the novelty and difficulty of the legal services performed, the amount involved and the results obtained, the risk of loss borne by counsel, and the informed consent of the minor's representative to the fees.  See Cal. R. Ct. 7.955; see also Cal. Prob. Code § 3601.

As noted in the settlement terms, Minor Plaintiffs' attorneys' fees and litigation costs were negotiated separately and are to be paid separately by Defendant.  (ECF No. 125 at 11.)  Minor Plaintiffs' counsel is to receive ████████, completely independent of the gross settlement proceeds.  (ECF No. 125-2 at 3.)  In an accompanying exhibit, Minor Plaintiffs' counsel provides a breakdown of the hours expended by each attorney on this matter.  (See ECF No. 125-3.)  Based on the duration of this case, the specialization required to represent minors in a case of this nature, the amount of work performed by Minor Plaintiffs' counsel, and the fact that attorneys' fees are to be paid independently by Defendant, the undersigned finds the requested attorneys' fees to be fair and reasonable and in Minor Plaintiffs' best interests.

**C.    Disbursement of Settlement Funds**

Civil Local Rule 17.1 requires that "[m]oney or property recovered by a minor . . . California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code [§§ 3600–16]."  CivLR 17.1(b)(1).  Under the California

Probate Code, courts can approve a variety of methods for the disbursement of settlement funds. See Cal. Prob. Code §§ 3600–16. Here, the parties propose to disburse the settlement funds as follows: "████ each to [p]arent Sheri Bate and [p]arent Azucena Mejia, for the benefit of their respective minor children N.M. and A.S. . . . The [Minor] Plaintiffs' Settlement Payment and the Payment to [Minor] Plaintiffs' Counsel shall be paid together in a single payment in the amount of ████████ ██████████████████ . . . into the client trust account of Burson & Fisher, P.A." (ECF No. 125-2 at 2–3.)

The proposed procedure for disbursement of the settlement funds is consistent with the California Probate Code. Specifically, section 3611, subsection (f), provides that "all or any part of the money and other property [may] be transferred to a custodian for the benefit of the minor." Cal. Prob. Code § 3611(f). Therefore, the Court approves of the disbursement of settlement funds in the form of a single check for the lump sum of ██████████, with ████████ to be paid to both Sheri Bate and Azucena Mejia as parents of Minor Plaintiffs. The Court finds that the manner of distribution is fair, reasonable, and in Minor Plaintiffs' best interests.

## IV.    CONCLUSION

For the reasons discussed above, the Court finds the proposed settlement to be a fair and reasonable resolution of this case in the best interests of Minor Plaintiffs, under both state and federal law.

**IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) **ADOPTING** this Report and Recommendation and (2) **GRANTING** Plaintiffs' Unopposed Motion for Approval of Compromise [ECF No. 125].

Pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections with the District Court and serve a copy on all parties on or before **June 10, 2026**. The document should be captioned "Objection to Report and Recommendation." Any reply to the objections shall be served and filed on or before **June 24, 2026**. The parties are advised that failure to file objections within the specified time may waive the right to

23cv1304-AGS (DEB)

appeal the district court's order.  See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

The undersigned notes that the Motion in this case is unopposed.  (See ECF No. 125.)  Therefore, **if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately**, to allow the District Court to consider this Report and Recommendation without further delay.  However, there shall be no adverse consequences to any party who files objections or otherwise chooses not to waive the objections period.

**IT IS SO ORDERED**.

Dated:  May 27, 2026

_____
Honorable Michael S. Berg
United States Magistrate Judge

23cv1304-AGS (DEB)